517 P.2d 1254

**STATE of Arizona, Appellee,**

v.

**Michael Charles WILCYNSKI, Appellant.**

**No. 2611.**

Supreme Court of Arizona,
In Banc.

Jan. 16, 1974.

Rehearing Denied Feb. 19, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Wilkes & Dalzell, by James M. Wilkes, Tucson, for appellant.

STRUCKMEYER, Justice.

Defendant, Michael Charles Wilcynski, was charged with, and convicted after a jury trial, of having committed an assault with a deadly weapon, and he appeals. Reversed.

Defendant filed the customary notice necessary to raise the defense of insanity pursuant to Rule 192(A), Rules of Criminal Procedure 17 A.R.S. He urges that sufficient evidence was introduced at his trial to require that the question of his sanity should have been left to be resolved by the jury as a question of fact. We agree.

The defendant's mother, Grace Wilcynski, testified on an offer of proof that from the age of seven her son had intermittently required psychiatric treatment; that defendant, a day or two prior to the commission of the offense, asked her if she had the money so that he could go see a psychiatrist, to which she replied she did not.

David B. Gurland, M.D., testified as to the defendant's mental condition:

"Q Does a person who is, let's say, suffering from this disorder that you have described, exhibiting the tendencies you have described, can that person on occasion fail to distinguish between what we would call right and wrong?

A. Yes, if he's going on his own facts in his own head, which may not coincide with what is actually going on in the environment, he may see himself doing right even though it is a blatant distortion of the actual occurrences.

Q Would you say he could have been suffering from this disorder you have described or perhaps it could have surfaced itself on the day in question of this particular assault?

A It could have certainly under stress. This underlying pathology could well have surfaced up at that time.

Q So at that particular time if this problem had surfaced there is a possibility, at least, that during the time that he was undergoing the stress he may not have known the difference between right and wrong, at least as we talk about it legally?

A That's correct."

This testimony was excluded from the jury by the trial judge on the theory that it was not sufficient to require the State to prove that defendant was sane at the time of the offense.

The rule in Arizona is that to avoid the criminal consequences of an act, the defendant must raise a doubt in the

minds of the jurors as to his sanity, Foster v. State, 37 Ariz. 281, 294 P. 268 (1930). In State v. Martin, 102 Ariz. 142, 426 P.2d 639 (1967), we said insanity will be deemed to be an issue once a defendant introduces sufficient evidence to raise a doubt as to his sanity under the rule of M'Naghten's case. The doubt we spoke of in *Martin* is that which would be raised in the mind of a reasonable man.

In the instant case, the defendant's evidence is sufficient to raise a doubt as to his sanity at the time of the offense, and, hence, insanity became a question of fact to be submitted to the jury.

The judgment of conviction is reversed, and this cause is remanded to the trial court for proceedings consistent with this decision.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.