597 P.2d 1020

The STATE of Arizona, Appellee,

v.

Stanley Owen REYNOLDS, Appellant.

No. 2 CA–CR 1531.

Court of Appeals of Arizona,
Division 2.

May 15, 1979.

Rehearing Denied June 13, 1979.

Review Denied July 10, 1979.

Stephen D. Neely, Pima County Atty. by Barbara S. Gelband, Deputy County Atty., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of voluntary manslaughter and sentenced by the trial court to the Arizona State Prison for not less than nine nor more than 10 years. He argues on appeal that the denial of his motion for a continuance prevented him from presenting his defense. We find that the trial court abused its discretion in denying appellant's motion and reverse.

Appellant had confessed that he killed the victim. His primary defense was insanity. He planned to rely on the testimony of Dr. Hoogerbeets, a psychiatrist who had examined him and had concluded, in a letter to defense counsel:

"One could surmise that he did go into dissociative state and that, therefore, he was no longer fully able to appreciate the nature and quality of his actions. This is a rather difficult case since many varia-

bles are involved. However, if he went into a dissociative state at the time of the alleged offense, he would fall under the McNaughten [sic] Rule."

The trial was originally set for March 29, 1978. Because of two continuances granted on the state's motions (the second over appellant's objection), it was eventually reset for May 16. On May 10, appellant filed a motion for a continuance because Dr. Hoogerbeets was to be out of town for several weeks. The motion was heard on May 12, by the Honorable Alice Truman. The prosecuting attorney argued that appellant had waited too long to file the motion, that the prosecuting attorney had known of the psychiatrist's plans to be out of town for several weeks, and that his testimony would not have been significant. The motion was denied.

■ When the case came to trial before the Honorable Gilbert Veliz, appellant again moved for a continuance on the same grounds as the May 10 motion. The court stated that Judge Truman's denial constituted the law of the case and he would not overrule it.[1] Two weeks before sentencing the court conducted an "evidentiary hearing" at which time Dr. Hoogerbeets testified.

In *State v. Foster*, Ariz., 589 P.2d 1319 (App.1978), this court recently discussed the standard for reviewing a trial court's denial of the accused's motion for a continuance in order to secure the presence of a witness. There we stated that the decision is within the trial court's discretion, and will not be disturbed on appeal unless both abuse of discretion and prejudice are clearly established. We approved the following factors to be considered, as set out by the Supreme Court of Alaska in *Salazar v. State*, 559 P.2d 66 (Alaska 1976), when the reason for the requested continuance is to secure an absent witness:

    1. Whether the testimony is material to the case.

    2. Whether the testimony can be elicited from another source.

    3. Whether the testimony is cumulative.

    4. Probability of securing the absent witness in a reasonable time.

    5. Whether the requesting party was diligent and acting in good faith.

    6. The inconvenience to the court and/or others.

    7. The likelihood that the testimony would have affected the jury's verdict.

■ Dr. Hoogerbeets' testimony was central to appellant's defense of insanity. Because his evidence was not available, the trial court refused appellant's instruction on insanity and ordered defense counsel not to argue insanity to the jury in his closing argument. Moreover, appellant's claim of insanity was his principal defense. Without Dr. Hoogerbeets' testimony, appellant had virtually no case at all.

The only other psychiatrist who had examined appellant had been appointed for the state and was to be used as a rebuttal witness against Dr. Hoogerbeets. The state has not argued that another psychiatrist's opinion should have been obtained in the six days before trial. For appellant's purpose, another psychiatrist's opinion might well have not been an adequate substitute for Dr. Hoogerbeets'.

Dr. Hoogerbeets' testimony was not cumulative; appellant presented no other evidence of insanity.

Dr. Hoogerbeets was expected to return on June 5, 1978. There is no contention that he would not have been available to testify after that date.

One of the arguments urged most strongly by the state is that defense counsel failed to act diligently in keeping track of the availability of the defense witnesses and did not move for a continuance as soon as possible. At the May 12 hearing on appellant's motion for a continuance, the prosecuting

---

1. It was not the "law of the case." That is a doctrine which applies when an appellate court has made a ruling on a previous appeal of the case. See *In re Monaghan's Estate*, 71 Ariz. 334, 227 P.2d 227 (1951).

attorney stated that Dr. Hoogerbeets had told her several weeks earlier that he would be out of town. Counsel for appellant stated that he first learned that Dr. Hoogerbeets would not be available on May 10, immediately before he filed the motion for a continuance. At an evidentiary hearing on June 13, Dr. Hoogerbeets testified that he thought he had told appellant's attorney about his plans at the beginning of May. He also stated, "I'm sure I told Mr. Minker six weeks in advance." On cross-examination, appellant's attorney asked:

"Q Doctor, do you have any record of what date that was, yourself?

A No.

Q If I told you that was May 10th, would you dispute that?

A I can't dispute it, because I really don't know what day it was. . . .

Q And you remember telling me that you had in fact informed Ms. Gelband [the prosecutor] of this some time previous?

A Yes."

Dr. Hoogerbeets' testimony is contradictory and he admits the possibility that defense counsel was not informed until May 10. Defense counsel, on the other hand, is adamant that he was not informed of the doctor's plans until May 10 and that he moved for a continuance at the earliest possible time.

The state cites *State v. Heise,* 117 Ariz. 524, 573 P.2d 924 (App.1977) for the proposition that a party's failure to keep track of the availability of its witnesses will not provide adequate grounds for a continuance. That case is not controlling. There, the state had sought a continuance because one of its witnesses was out of town. The court's concern was with the conflict between the state's interest in presenting its full case against the defendant and the defendant's right to a speedy trial. In addition, it was clear that the witness had notified the prosecutor of his plans one month before the prosecutor moved for a continuance.

The prosecuting attorney argued on May 12 that a continuance would be inconven-

ient because the state's witnesses had already been subpoenaed and "the victim's family has been on pins and needles, so to speak, because of this." A certain amount of inconvenience due to suspense is inevitable when a trial is postponed, but the state does not show that appellant's requested continuance would have created any greater inconvenience than the two continuances obtained by the state. The state would have had four days (including the weekend) to contact its witnesses about the change. Appellant, in contrast, was notified of the state's second motion to continue one day before the trial was to have started. Nor has the state pointed out any inconvenience to the court.

The seventh factor to consider is whether Dr. Hoogerbeets' testimony was likely to affect the jury's verdict. At the June 13 evidentiary hearing, Dr. Hoogerbeets reiterated the conclusion stated in his letter to defense counsel, quoted above. He explained that by his choice of the phrase "one could surmise", he meant that there was a possibility that appellant would fall under the M'Naghten Rule, but nothing more than a possibility.

In *State v. Wilcynski,* 110 Ariz. 258, 517 P.2d 1254 (1974) cert. den. 423 U.S. 873, 96 S.Ct. 141, 46 L.Ed.2d 104, the trial court was held to have erred in its decision that the defendant's evidence on the insanity issue was not sufficient to create a question for the jury. The doctor in *Wilcynski* testified that there was at least a possibility that someone suffering from "this disorder" might not know the difference between right and wrong. The Arizona Supreme Court held that this evidence was sufficient to raise a doubt in the mind of a reasonable juror and its exclusion mandated reversal. Dr. Hoogerbeets' testimony can raise as much of a doubt as to appellant's sanity, and so there was a likelihood that it would have affected the jury's verdict.

The weight of the seven factors we have considered tips heavily in appellant's favor. Considering them in their entirety, we find that it was clearly an abuse of discretion to deny appellant's motion for a continuance. As there is a reasonable possibility that Dr.

Hoogerbeets' testimony would have materially influenced the jury, the error was prejudicial. *State v. Wilcynski*, supra.

Reversed.

RICHMOND, C. J., and HATHAWAY, J., concur.