932 P.2d 1325

**STATE of Arizona, Appellee.**

v.

**Ruben Renteria ORENDAIN, Appellant.**

No. CR–96–0161–PR.

Supreme Court of Arizona,
En Banc.

Feb. 11, 1997.

Grant Woods, Attorney General, Phoenix by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Diane M. Ramsey, Assistant Attorney General, for Appellee, State of Arizona.

Ron Wood's Law Office by Ronald D. Wood, Show Low, for Appellant.

## OPINION

JONES, Vice Chief Justice.

Defendant Ruben Renteria Orendain was tried and convicted on drug charges. In a split decision, the court of appeals reversed the convictions and held that the trial court committed structural error when it gave a non-standard "possession of marijuana" instruction to the jury. *State v. Orendain*, 185 Ariz. 348, 352–53, 916 P.2d 1064, 1068–69 (App.1996). We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3), A.R.S. § 12–120.24, and Ariz.R.Crim.P. 31.19. We vacate that part of the court of appeals' opinion concerning the jury instructions and affirm the defendant's convictions and sentences.

### FACTS AND PROCEDURAL HISTORY

The facts relevant to defendant's arrest and indictment are set forth in the court of appeals' opinion. *Orendain*, 185 Ariz. at 350, 916 P.2d at 1066. For purposes of this opinion, it is sufficient to state that defendant was the subject of a highway vehicular stop, following which an investigation disclosed a quantity of marijuana concealed in the vehi-

cle. Accordingly, defendant was arrested and duly charged. At the start of a two-day trial, the court stated to the jury: "The law does not require a defendant to prove innocence. Every defendant is presumed by law to be innocent. The State must prove the charges beyond a reasonable doubt." At the close of evidence, the court gave the jury a series of instructions, including Recommended Arizona Jury Instruction (RAJI) Standard Criminal 5, which states:

> The law does not require a defendant to prove innocence. Every defendant is presumed by law to be innocent. The State must prove the defendant guilty beyond a reasonable doubt. This means *the State must prove each element of the charge beyond a reasonable doubt.* If you conclude that the State has not met its burden of proof beyond a reasonable doubt, then reasonable doubt exists, and the defendant must be acquitted of that charge.

(Emphasis added). The court further instructed the jury that defendant's pleas of "not guilty" required the State to prove "*every part of the charges beyond a reasonable doubt.*" (Emphasis added).

A separate non-standard instruction on possession of marijuana, which defendant now argues constituted structural error, consisted of four parts. First, the court instructed the jury that "[p]ossession requires either actual physical possession or constructive possession." Second, the court defined constructive possession as "mean[ing] that the marijuana was found in a place under the defendant's dominion and control." Third, the court instructed that

> [b]oth direct and circumstantial evidence may be used to show possession of marijuana. The evidence must link the defendant to the marijuana in a manner and to

an extent that a *reasonable inference* arises that the defendant knew of the existence and whereabouts of the marijuana and that he had dominion and control of the marijuana.

(Emphasis added).

Fourth, the court instructed the jury that

> [t]he mere presence of the defendant at the scene where marijuana is found is not sufficient by itself to show that the defendant possessed the marijuana. There must be presented specific facts [from] which it may be *reasonably inferred* that the defendant knew of the marijuana's existence and whereabouts.

(Emphasis added).

At trial, defendant objected to part two of the possession instruction on the ground that it did not adequately reflect the legal standard for constructive possession set forth in *State v. Villalobos Alvarez,* 155 Ariz. 244, 245, 745 P.2d 991, 992 (App.1987). The court overruled the objection.

On appeal, however, defendant argued for the first time that, by incorporating the terms "reasonable inference" and "reasonably inferred" in parts three and four of the instruction, the trial court diminished the State's requisite burden of proof, thus committing structural error.[1] The court of appeals agreed and held that use of the terms "reasonable" and "reasonably" in the instruction that "possession" may be proved by inference, drawn either from direct *or* circumstantial evidence, constituted structural error. Because of its fundamental nature, structural error can be raised for the first time on appeal, and, the appellate court reasoned, required reversal of defendant's conviction. *Orendain,* 185 Ariz. at 353, 916 P.2d at 1069, *citing Sullivan v. Louisiana,* 508 U.S. 275, 281, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993).

---

1. Defendant argued that the trial court committed "fundamental" error, but he failed to base his argument on any constitutional provision. The right to have a jury determine guilt beyond a reasonable doubt is grounded in the Fifth and Fourteenth Amendment Due Process clauses and in the Sixth Amendment right to a jury verdict as applied to the states through the Fourteenth. *Sullivan v. Louisiana,* 508 U.S. 275, 277–78, 113 S.Ct. 2078, 2080–81, 124 L.Ed.2d 182 (1993).

## 56

### DISCUSSION

■ We review *de novo* whether these instructions to the jury properly stated the law. *United States v. Sterner*, 23 F.3d 250, 252 (9th Cir.1994). After review of the record, we conclude that the challenged instruction did not amount to structural or fundamental error.

Before instructing the jury on actual or constructive possession of marijuana, the court, without objection, gave the following instruction on the difference between direct and circumstantial evidence and the appropriate function of the jury in assessing or weighing either form of evidence:

> Direct evidence is the testimony of a witness that saw an event. Circumstantial evidence is the proof of a fact *from which the existence of another fact may be inferred.* You must determine the weight to be given to all the evidence without regard to whether it is direct or circumstantial.

RAJI Standard Criminal 24 (1989) (emphasis added).

■ Defendant's argument on appeal with regard to the possession instruction ignores the fact that the challenged instruction referred explicitly to direct as well as circumstantial evidence: "Both direct and circumstantial evidence may be used to show possession of marijuana." We believe that the "reasonable inference" language, on the facts of this case, did nothing more than strengthen the essence of the circumstantial evidence language, thereby placing the instruction, which the jury had heard only moments before, in a context fully in harmony with the expressed standard for constructive possession of marijuana.

■ A circumstantial evidence instruction is not fundamental error when given with a legally sound reasonable doubt instruction. *See State v. Jensen*, 106 Ariz. 421, 423, 477 P.2d 252, 254 (1970). The reasonable doubt instruction in this case was not deficient. The jury was properly instructed that it must acquit defendant if the State failed to prove even a single element of the charged offenses beyond a reasonable doubt, and we have previously held and continue to believe that this instruction meets requisite constitutional standards. *State v. Portillo*, 182 Ariz. 592, 594, 898 P.2d 970, 972 (1995).

A final point is appropriate. The evidence presented to the jury in the instant case was in part circumstantial. That evidence, coupled with the direct testimony of the arresting officer, was easily strong enough to avoid the jury confusion which counsel argues was created by the "reasonable inference" language in the challenged instruction on possession. Here, the marijuana was physically located and discovered in the vehicle, and the defendant was the driver of the vehicle at the time. These facts raise a clear inference of possession by the defendant, and the jury so found. We see no basis for jury confusion here. The majority can visualize cases, however, where weaker inferences may be drawn from remote circumstantial evidence, and where the "reasonable inference" instruction, if used, could indeed lead to confusion on the more important requirement that the state must prove each element of defendant's guilt beyond a reasonable doubt.

■ We therefore decline to hold, as suggested by the separate concurrence, that "reasonable inference" language in a circumstantial evidence instruction dealing with possession is *ipso facto* free from error in all cases. We simply state that on the facts of this case, error, if any, was entirely harmless. We caution trial courts on use of the term "reasonable inference" in instructions which address the crime of possession of marijuana on the basis of circumstantial evidence alone. The jury must be left with the unqualified impression that each element of the crime, including elements established by inferences drawn from circumstantial evidence, must be proven beyond a reasonable doubt. Even where evidence is remote and circumstantial, the evidence, including factual inferences, must satisfy the State's burden.

Viewing the instructions as a whole in the instant case, the State's burden of proof was neither reduced nor shifted to defendant by the challenged jury instruction. We therefore hold that the instruction did not amount to fundamental or structural error.

## DISPOSITION

We vacate that part of the court of appeals' opinion concerning the trial court's jury instruction on possession of marijuana and affirm defendant's convictions and sentences.

ZLAKET, C.J., and FELDMAN and MOELLER, JJ., concur.

MARTONE, Justice, concurring.

The court holds that "the [possession of marijuana] instruction did not amount to fundamental or structural error." *Ante,* at 56, 932 P.2d at 1327. I would hold that it was not error at all. Ordinarily, we first determine "whether there is error, and then whether it is fundamental." *State v. Youngblood,* 173 Ariz. 502, 504–05 n. 2, 844 P.2d 1152, 1154–55 n. 2 (1993); *State v. King,* 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988).

There is no error here because the "reasonable inference" language simply described circumstantial as opposed to direct evidence. It had nothing to do with the state's burden of proof. Nor is there likelihood of confusion here. This jury was told that the state must prove each element of the charge beyond a reasonable doubt. One ought to be able to give other instructions without repeating the reasonable doubt instruction. One even ought to be able to help the jury by combining a circumstantial evidence instruction with a possession instruction, as here. It is a correct statement of the law. We tell juries all the time that they are to decide cases based upon the evidence and any reasonable inference they may draw from the evidence. In a criminal case, if an inferred fact is an element of the charge, it still must be proved beyond a reasonable doubt, as the reasonable doubt instruction clearly states.

Because there is no error, there is no fundamental error.