IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                  )
                                       )
                      Respondent,      )      2 CA-CR 2011-0117-PR
                                       )      DEPARTMENT B
              v.                       )
                                       )      O P I N I O N
KENNETH JOHN FALCONE,                  )
                                       )
                      Petitioner.      )
                                       )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20052588

Honorable Hector E. Campoy, Judge

REVIEW GRANTED; RELIEF DENIED

Barbara LaWall, Pima County Attorney
  By Nicol Green and Jacob R. Lines                              Tucson
                                                Attorneys for Respondent

Gail Gianasi Natale                                            Phoenix
                                                  Attorney for Petitioner

V Á S Q U E Z, Presiding Judge.

¶1      Kenneth Falcone seeks review of the trial court's partial denial of post-conviction relief. After a jury trial, Falcone was convicted of two counts of sexual conduct with a minor and one count each of attempted sexual conduct, public sexual indecency to a minor under fifteen, and luring a minor for sexual exploitation. The jury also found the state had proven its allegations that the attempted sexual conduct and luring a child were dangerous crimes against children. The court sentenced Falcone to consecutive, fifteen-year terms of imprisonment for attempted sexual conduct and luring a minor, to be served concurrently with lesser terms on his convictions for public sexual indecency and sexual conduct. We affirmed his convictions and sentences on appeal. *State v. Falcone*, No. 2 CA-CR 2007-0055, ¶ 18 (memorandum decision filed May 25, 2008).

## Background

¶2      We limit our recitation of the facts to those relevant to the issue on review. Fourteen-year-old E. and sixteen-year-old M. met Falcone at a YMCA, where Falcone touched M. on his "privates" while in the whirlpool bath. E. and M. then agreed to go home with Falcone, and, once they had arrived at his house, Falcone engaged in sexual contact with M., some of which E. witnessed. Although Falcone attempted to touch E. "under his pants," E. resisted his overtures.

¶3      At the close of M.'s testimony, one of the jurors submitted the following question: "At any time did M[.] tell the man how old he was or how old E[.] was?" The state objected to the question, arguing, "[A]ge is an affirmative defense and no [related] questions have been asked of him, so I would [o]bject to that. It's an affirmative defense.

2

It hasn't been raised.  It hasn't been disclosed."  Defense counsel did not oppose the state's position on the issue, and the trial court did not allow the question.  At the state's request, the court added a sentence to its jury instruction defining the culpable mental state of "knowingly," (Jury Instruction 26) and thus informed the jury, "'Knowingly' . . . does not require any knowledge of the age of the alleged victim."[1]  Defense counsel did not object to the instruction.

¶4        In its closing argument, the state referred to this instruction as well as the juror's question that had been submitted but precluded, telling the jury that proof of Falcone's "knowledge of the victims' age[s was] not required" for his conviction on the counts charged and was "a non issue, one that ought to be dismissed by you during this trial and during deliberations."

¶5        In his petition for post-conviction relief, Falcone argued trial counsel had been ineffective in failing to object to Jury Instruction 26 and in failing to oppose the

---

[1]The full instruction given was:

> "Knowingly" means, with respect to conduct or to a circumstance described by a statute defining an offense that a person is aware of or believes that his conduct is of that nature or that the circumstance exists.  It does not require any knowledge of the unlawfulness of the act or omission.  It does not require any knowledge of the age of the alleged victim.

With the exception of its last sentence, which Falcone has challenged in these post-conviction proceedings, this instruction essentially tracks the definition of "knowingly" found in A.R.S. § 13-105(10)(b).

state's objection to the juror's question about his knowledge of the victims' ages. He also claimed appellate counsel had been ineffective in failing to raise these issues on appeal.[2]

¶6 In a ruling issued after an evidentiary hearing, the trial court found trial and appellate counsel both had been ineffective in failing to challenge Jury Instruction 26, but only as that instruction pertained to public sexual indecency,[3] count four of the indictment, and luring a minor,[4] count five, finding Jury Instruction 26 was "a clearly erroneous instruction of law" as to those counts. The court vacated Falcone's convictions and sentences for counts four and five, concluding "the failure of either trial or appellate counsel to object or to appeal this issue is a departure from reasonable and acceptable norms of practice for this jurisdiction" and the resulting prejudice to Falcone was "clear and apparent."[5] *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (defendant must establish both deficient performance and resulting prejudice to prevail on ineffective assistance claim; prejudice requires showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

[2]Although Falcone asserted additional claims of ineffective assistance of trial and appellate counsel, the trial court's resolution of those claims is not an issue on review.

[3]Section 13-1403(B), A.R.S., provides: "A person commits public sexual indecency to a minor if the person intentionally or knowingly engages in any of the acts listed in subsection A of this section and such person is reckless about whether a minor who is under fifteen years of age is present."

[4]Section 13-3554(A), A.R.S., provides: "A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor."

[5]The state did not file a cross-petition for review. Accordingly, the trial court's decision to vacate Falcone's convictions for counts four and five is not before us.

**¶7** In contrast, the trial court found Falcone had failed to demonstrate either a deficiency in counsel's performance or prejudice with respect to his convictions for count one—his attempted sexual conduct with E.—and counts two and three—his sexual conduct offenses involving M. The court did not address Falcone's argument that the definition of sexual conduct with a minor found in A.R.S. § 13-1405 requires the state to prove, as an element of that offense, that a defendant knew the age of his victim when he engaged in sexual conduct with him. Instead, the court found that, with respect to the sexual conduct charges, Falcone had not been prejudiced by either Jury Instruction 26 or the preclusion of evidence because he "did not advance or disclose a claimed defense pursuant to A.R.S. § 13-1407[(B)] . . . [which] permits a defendant charged with Sexual Conduct to advance a claim of mistake of fact as to the ages of victims when they are alleged to be 15, 16 or 17." The court reasoned such a defense would not have been available with respect to count one, because E. had been fourteen years of age, or on counts two and three, because Falcone had not advanced or disclosed an affirmative defense with respect to those counts.

**¶8** In his petition for review, Falcone challenges the trial court's denial of relief on counts one, two, and three. He maintains counsel's failure to object to an erroneous jury instruction, which was found by the court to constitute ineffective assistance as to counts four and five, "also infected [his] convictions on the first three counts," because, he contends, "knowledge of the [victim]'s age *is* an element" of § 13-1405, and "Jury Instruction # 26 misstated the law as it relates to all counts."

**Discussion**

¶9        Generally, we review a trial court's denial of post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, ¶ 17, 146 P.3d 63, 67 (2006). But we review de novo purely legal issues, including issues requiring statutory construction. *See State v. Romero*, 216 Ariz. 52, ¶ 3, 162 P.3d 1272, 1273 (App. 2007); *see also State v. Orendain*, 188 Ariz. 54, 56, 932 P.2d 1325, 1327 (1997) ("We review *de novo* whether . . . instructions to the jury properly state[] the law."). We find no abuse of discretion in the court's denial of relief on counts one, two, and three.

¶10        As he did below, Falcone relies on A.R.S. § 13-202(A) to argue that a defendant's knowledge of a victim's age is an element of the offense of sexual conduct with a minor that must be proven by the state. Section 13-202(A) provides:

> If a statute defining an offense prescribes a culpable mental state that is sufficient for commission of the offense without distinguishing among the elements of such offense, the prescribed mental state shall apply to each such element unless a contrary legislative purpose plainly appears.

According to Falcone, § 13-1405's definition of sexual conduct as "knowingly engaging in sexual intercourse . . . with any person who is under eighteen years of age" requires the state to prove a defendant was aware of both his conduct and the victim's age, because the definition does not distinguish between the "conduct" required for commission of the offense and the "circumstance"—the victim's lack of majority—that renders the conduct

6

criminal.[6]   *See* § 13-105(10)(b) ("[k]nowingly," with respect to "conduct" or "circumstance" in statute defining offense, means "person is aware or believes that the person's conduct is of that nature or that the circumstance exists").

**¶11**          In other circumstances, we have applied § 13-202(A) to resolve an ambiguity created when a modifier precedes multiple terms or phrases in a statute, and we must determine, for example, "how far down the sentence the word 'knowingly' is intended to travel."[7]  Wayne R. LaFave, *Criminal Law* § 5.1(b) (4th ed. 2003); *State v. Rivera*, 226 Ariz. 325, ¶ 4, 247 P.3d 560, 562-63 (App. 2011) (conviction for drive-by shooting vacated; as limited by indictment and pursuant to § 13-202(A), state required to prove both intent to discharge firearm and intent to target person); *State v. Fierro*, 220 Ariz. 337, ¶ 14, 206 P.3d 786, 789 (App. 2008) (pursuant to § 13-202, "knowingly" in A.R.S. § 13-3405(A)(4) requires state to prove defendant knowingly transported

---

[6]Section 13-1405 provides, in relevant part:

> A.  A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age.

> B.  Sexual conduct with a minor who is under fifteen years of age is a class 2 felony and is punishable pursuant to [A.R.S.] § 13-705.  Sexual conduct with a minor who is at least fifteen years of age is a class 6 felony.

[7]Although we agree with the result reached by Division One of this court in *State v. Gamez*, 227 Ariz. 445, ¶ 29, 258 P.3d 263, ___ (App. 2011), our analysis differs in some respects.  Unlike the court in *Gamez*, we do not find Falcone's argument foreclosed by the "plain language" of § 13-1405, particularly in light of the rule of statutory construction found in § 13-202(A), which was not considered by that court.  227 Ariz. 445, ¶ 29, 258 P.3d at ___.

7

substance he knew to be marijuana, knowing it was to be sold). *But cf. State v. Womack*, 174 Ariz. 108, 117, 847 P.2d 609, 618 (App. 1992) ("additional elements" of resisting arrest found in subparagraphs of A.R.S. § 13-2508(A) did not require proof of intent; placement sufficiently distinguished to render § 13-202(A) inapplicable).

¶12　　　But in contrast to the legislature's enactment of the statutes considered in those decisions, when it established the offense of sexual conduct with a minor in § 13-1405, it contemporaneously enacted § 13-1407, which establishes a defense to § 13-1405 when the victim was fifteen, sixteen, or seventeen years old and the defendant did not know, and could not reasonably have known, the victim was under eighteen years of age.[8]　1977 Ariz. Sess. Laws, ch. 142, § 63.　Thus, the legislature's contemporaneous enactment of § 13-1407(B) may constitute its expression of "a contrary legislative purpose," § 13-202(A), that forecloses the interpretation of § 13-1405 Falcone suggests.

¶13　　　In construing a statute, we must "determine and give effect to legislative intent." *City of Phx. v. Phx. Emp't Relations Bd.*, 207 Ariz. 337, ¶ 11, 86 P.3d 917, 920 (App. 2004).　If legislative intent cannot be determined from the plain language of the statute, because a term or its application is ambiguous, we "'consider the statute's

---

[8]Section 13-1407(B) now provides:

> It is a defense to a prosecution pursuant to §§ 13-1404 and 13-1405 in which the victim's lack of consent is based on incapacity to consent because the victim was fifteen, sixteen or seventeen years of age if at the time the defendant engaged in the conduct constituting the offense the defendant did not know and could not reasonably have known the age of the victim.

8

context; its language, subject matter, and historical background; its effects and consequences; and its spirit and purpose.'" *Scheehle v. Justices of the Supreme Court of Ariz.*, 211 Ariz. 282, ¶ 16, 120 P.3d 1092, 1098 (2005), *quoting Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). When "statutes relate to the same subject and are thus *in pari materia*, they should be construed together with other related statutes as though they constituted one law." *Pima Cnty. by City of Tucson v. Maya Constr. Co.*, 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988). "[W]hen reconciling two or more statutes, courts should construe and interpret them, whenever possible, in such a way so as to give effect to all the statutes involved." *Id.* We thus avoid a construction that would render any part of a statute "void, superfluous, contradictory or insignificant." *Pinal Vista Props., L.L.C. v. Turnbull*, 208 Ariz. 188, ¶ 10, 91 P.3d 1031, 1033 (App. 2004).

¶14        We agree with Division One of this court that §§ 13-1405 and 13-1407(B) must be read *in pari materia* and that requiring the state to establish a defendant's knowledge of a victim's age to convict him of sexual conduct with a minor would render § 13-1407 inoperable. *State v. Gamez*, 227 Ariz. 445, ¶¶ 35-36, 258 P.3d 263, ___ (App. 2011). Moreover, the history of these statutes confirms that the legislature intended to require the state to prove a defendant "knowingly or intentionally" engaged in sexual conduct and to prove that the victim was, in fact, a minor, without requiring the state to prove the defendant's knowledge of the victim's age.

¶15        In construing the predecessor to § 13-1405, former A.R.S. § 13-611, 1962 Ariz. Sess. Laws, ch. 52, § 1, our supreme court rejected an argument similar to the one

9

Falcone makes here and reversed a trial court's direction of acquittal that had been based on evidence of the defendant's "good faith"—but mistaken—"belief that the prosecutrix was over the age of eighteen years."[9] *State v. Superior Court*, 104 Ariz. 440, 441-42, 454 P.2d 982, 983-84 (1969); *see also State v. Sweet*, 143 Ariz. 266, 270, 693 P.2d 921, 925 (1985) (when determining legislative intent, court may consider both prior and subsequent statutes *in pari materia*). Specifically, the court rejected the argument that a defendant's ignorance or mistake of fact as to the victim's age "disprove[d] criminal intent," stating:

> The offense here is of that class which, by reason of an unbroken line of judicial holdings, it can be said that the statute denounces the mere doing of the act as criminal, regardless of whether the perpetrator had a bad mind, [requiring only] the generalized intent to engage in a course of criminal conduct.

*State v. Superior Court*, 104 Ariz. at 442-43, 454 P.2d at 984-85. Thus, the court held, "The only elements necessary to prove the crime of rape in the second degree are an act of sexual intercourse with a female not the wife of the perpetrator who is under the age of eighteen years." *Id.* at 443, 454 P.2d at 985.

¶16        When Arizona's criminal code was revised in 1978, the legislature eliminated the constructs of specific and general intent that the court had applied in *State v. Superior Court* and, in their place, "adopted the use of the four culpable mental states

---

[9]Former § 13-611 had defined rape in the first degree as "an act of sexual intercourse accomplished with a female, not the wife of the perpetrator" under specified circumstances, including the use of force or threats of force to overcome the victim's resistance. 1962 Ariz. Sess. Laws, ch. 52, § 1. Rape in the second degree was defined as "an act of sexual intercourse with a female, not the wife of the perpetrator, under the age of eighteen years, under circumstances not amounting to rape in the first degree." *Id.*

of intention, knowledge, recklessness, and criminal negligence." *State v. Bridgeforth*, 156 Ariz. 60, 62, 750 P.2d 3, 5 (1988). According to the report of the Arizona Criminal Code Commission (Commission), which prepared the draft revisions for the legislature, the adoption of these mental states reflected the principle that "[o]rdinarily a culpable mental state will be associated with the performance of a voluntary act before criminal responsibility may be assessed against the defendant." Report of Arizona Criminal Code Commission vii (1975). Consistent with these revisions, the legislature associated the culpable mental states of "intentionally or knowingly" with the offense of sexual conduct with a minor, § 13-1405(A), adding language not found in former § 13-611(B), 1962 Ariz. Sess. Laws, ch. 52, § 1. But the contemporaneous enactment of § 13-1407(B), as well as the Commission's commentary regarding chapter 14, makes clear that the legislature intended only that the state be required to prove the culpable mental state of "knowingly" with respect to the "voluntary act" of the conduct required to commit the offense. Report of Arizona Criminal Code Commission at vii.

¶17 In its commentary to chapter 14, the Commission described the state of the law before the 1978 code revisions, identifying former § 13-611(B) as the predecessor to § 13-1405. Report of Arizona Criminal Code Commission at xiii. Noting the supreme court's holding in *State v. Superior Court* that, under former § 13-611(B), "[a] good faith belief that the prosecutrix was over the age of consent is no defense," the Commission stated, "The code changes this law if the victim is 15, 16, or 17," citing the defense provision enacted as § 13-1407(B). Report of Arizona Criminal Code Commission at 151, *citing State v. Superior Court*, 104 Ariz. 440, 454 P.2d 982.

11

**¶18** Thus, we conclude the legislature intended these statutes, read together, to provide that, pursuant to § 13-1405, the state is required to prove a defendant had knowingly engaged in sexual conduct and had done so with a person who was, in fact, under the age of eighteen. But, pursuant to § 13-1407(B), a defendant may present an affirmative defense, limited to cases in which the victim was fifteen or older, if he can show he "did not know and could not reasonably have known" the victim's age.[10]

**¶19** Finally, we are not persuaded by Falcone's suggestion that we should avoid reading these statutes *in pari materia* based on our supreme court's decision in *State v. Getz*, 189 Ariz. 561, 564, 944 P.2d 503, 506 (1997). In *Getz,* the court rejected the state's argument that § 13-1407(B)'s reference to a minor victim's "incapacity to consent" relieved the state of its burden to prove, for purposes of A.R.S. § 13-1404, that a defendant had "engage[d] in sexual contact with any person who is fifteen or more years of age *without consent of that person*," where "without consent" had been defined by statute and did not include incapacity due to age. *Getz*, 189 Ariz. at 563-64, 944 P.2d at

---

[10]Further support for our conclusion may be found in our longstanding interpretation of § 13-1405. *See, e.g.*, *State v. Ortega*, 220 Ariz. 320, ¶¶ 16, 23, 206 P.3d 769, 775, 777 (App. 2008) (defining elements of sexual conduct with minor as: "(1) intentionally or knowingly engaging in sexual intercourse or oral sexual contact . . . , (2) with a person who is less than eighteen years of age"), *citing State v. Gallegos*, 178 Ariz. 1, 10, 870 P.2d 1097, 1107 (1994) (approving without comment jury instruction that "crime of sexual conduct with a minor under age fifteen requires proof of the following two things:  (1) The defendant knowingly penetrated the anus of another person with a part of his body; *and* (2) the other person had not reached her fifteenth birthday"), *and State v. Carlisle*, 198 Ariz. 203, ¶ 12, 8 P.3d 391, 394-95 (App. 2000) (sexual conduct with minor under age of fifteen "involves two elements:  (1) the defendant intentionally or knowingly engaged in sexual intercourse or oral sexual contact with another person; and (2) the other person ha[d] not reached his or her fifteenth birthday").

505-06. In holding the defense provided in § 13-1407(B) could not be reconciled with § 13-1404, and would not apply to prosecutions under that statute, the court stated, "section 13-1407(B) will still apply to prosecutions under A.R.S. § 13-1405, sexual conduct with a minor." *Getz*, 189 Ariz. at 565, 944 P.2d at 507. We find no reason to question the supreme court's statement on this issue.

**¶20** We find no abuse of discretion in the trial court's denial of post-conviction relief from Falcone's convictions for sexual conduct with a minor and attempted sexual conduct with a minor. Accordingly, although we grant review, we deny relief.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge