751 P.2d 592

**The STATE of Arizona, Appellee,**

v.

**William Harry BLOOMER, Appellant.**

**No. 2 CA–CR 87–0091.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 23, 1987.

Review Denied March 30, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jack Roberts, Phoenix, for appellee.

Robertson & Villarreal, Ltd. by Michael A. Villarreal, Florence, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was found guilty by a jury of promoting prison contraband and was sentenced to a presumptive five-year prison term consecutive to the sentences he was serving at the time of the offense. He has raised eight issues on appeal. We affirm.

Appellant, who had been convicted in June 1977 of armed robbery and assault with a deadly weapon in Maricopa County and in August 1977 of another armed robbery in Pima County, was housed in cell block six at the state prison in Florence. In March 1984, after corrections officers were informed that explosive contraband was present in cell block six, they searched one section of that cell block and a number of its inmates. Health personnel performed an initial digital rectal search and, if that search revealed the presence of foreign material, the inmate was escorted to the central health unit for an x-ray. Both the initial digital probe and an x-ray of appellant revealed objects in his rectum. X-rays of the other inmates revealed that seven were concealing balloons in their rectums which contained items such as gunpowder, a shotgun shell, marijuana, a syringe and needle, and a section of black rope which could be used as a detonator cord.

While appellant was awaiting the results of his x-ray, he became aware that medical personnel had extracted a shotgun shell from the rectum of another inmate. Appellant then asked a corrections officer if they "g[o]t it out" of the inmate and, when he was told that they had, appellant said: "There's no reason for all this. I've got it. If you will just give me a cigarette, I will go shit it out."

The corrections officer then accompanied appellant to the bathroom where he defecated three balloons. Appellant told the corrections officer that the balloons contained marijuana. When they were tested, they were found to contain gunpowder. Appellant testified at trial that he believed the balloons contained marijuana.

In his appeal, appellant does not challenge the conduct of the corrections officers in the search procedures. As we stated in *State v. Palmer*, 156 Ariz. 315, 751 P.2d 975 (1987), a prisoner's Fourth Amendment rights are extremely limited, particularly in view of the security needs of the prison.

## SUFFICIENCY OF THE EVIDENCE

■ The indictment in this case charged that appellant "knowingly possessed contraband, to wit: gunpowder, in violation of A.R.S. [§] 13–2505." The testimony was that appellant told a corrections officer that the balloons which he had excreted contained marijuana, and appellant testified that he believed the balloons contained marijuana. He argues that his mistaken belief regarding the substance he possessed negated the culpable mental state required for the offense with which he was charged. His other argument, which follows from his initial contention, is that the inclusion of the term "gunpowder" in the

indictment bound the state to prove that appellant knew the contraband which he possessed was in fact gunpowder. We disagree.

A.R.S. § 13–2505 provided at the time of the offense, in pertinent part, as follows:

A. A person, not otherwise authorized by law, commits promoting prison contraband:

\*　　\*　　\*　　\*　　\*　　\*

3. By knowingly making, obtaining or possessing contraband while being confined in a correctional facility.

Appellant argues that the state was required to prove that he knowingly possessed gunpowder. The state's burden in a criminal trial is to prove the essential elements of the crime charged. *State v. McGuire*, 124 Ariz. 64, 601 P.2d 1348 (App. 1978). Therefore, the state was required to prove in this case that appellant, while confined in a correctional facility, possessed a substance which was contraband, that he knowingly possessed the substance, and that he knew it was contraband. The knowing possession element goes only to the fact that the item possessed is contraband.

Appellant's testimony that he believed the balloons contained marijuana, which is also prison contraband, did not negate the elements of the crime. He admitted that he knowingly possessed prison contraband. The fact that he believed the balloons contained contraband other than gunpowder does not relieve him of criminal liability for possessing contraband.

We find that the evidence was sufficient to convince a rational trier of fact of appellant's guilt beyond a reasonable doubt. *State v. Burton*, 144 Ariz. 248, 697 P.2d 331 (1985). We note, additionally, that the jury had the discretion to disbelieve appellant's version of the facts and to reject his testimony that he believed the balloons contained marijuana.

## JURY INSTRUCTIONS

Appellant contends the court erred in refusing to give three of his requested instructions and in giving two of the state's requested instructions.

■ Appellant requested instructions which would have limited the statutory definition of contraband and which would have defined the elements of the offense to require the jury to find that appellant knew that the substance he possessed was gunpowder. Those requested instructions were properly refused by the trial court because they were not correct statements of the law. Contraband is defined in A.R.S. § 13–2501(1), and the court gave the state's requested instruction which included the exact language of that definition. Appellant's requested instruction sought to omit marijuana from the statutory definition of the term "contraband." Because, as we discussed above, the state was not required to prove beyond a reasonable doubt that appellant knew what the substance was, so long as it proved beyond a reasonable doubt that he possessed a substance which he believed to be contraband and which was in fact contraband, we find that the court did not err in refusing appellant's requested instruction number 4. Our review of the record reveals that appellant's requested instruction number 5 was given.

■ As to the state's instruction number 14, appellant contends that the court incorrectly instructed the jurors regarding his defense of ignorance or mistake as to a matter of fact because the court omitted from its instruction subparagraphs 1 and 2 of A.R.S. § 13–204(A). The court properly omitted the language. Appellant's mistaken belief neither negated the requisite mental state nor supported a defense of justification. Appellant's own testimony made it plain that he knowingly possessed what he believed to be and what was actually contraband. He denied knowledge that the contraband was gunpowder but stated his belief that he possessed marijuana. We find no error in the giving of the state's requested instruction number 14.

## PRIOR BAD ACTS OF OTHERS

■ Appellant asserts that it was error to allow testimony about the search of

cell block six and the discovery of other contraband in the possession of other inmates, citing Rule 404(b), Ariz.R.Evid., 17A A.R.S. (1987 Supp.). He argues that the testimony was highly prejudicial because it involved "a conspiracy" and "cast the Appellant in a bad light of conspiring with fellow inmates to possess explosive material." Rule 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Appellant contends that since the state did not disclose its intent to admit the testimony, it violated Rule 15.1, Ariz.R.Crim.P., 17 A.R.S., which requires disclosure of all prior acts of the defendant which the prosecutor intends to use at trial.

First, we do not believe that the admissibility of testimony regarding acts of other inmates is governed by Rule 404(b). Evidence Rule 404(b) and procedural Rule 15.1 contemplate evidence of acts of the defendant, not those of other persons. Second, although appellant contends that the information about other inmates was prejudicial, since the jury was likely to believe that he was involved in some type of conspiracy, we believe that the testimony was admissible to complete the story of the offense. See *State v. Fleming*, 117 Ariz. 122, 571 P.2d 268 (1977). The testimony regarding the activities of the other inmates gave the jury a complete picture, was helpful in understanding appellant's conduct, and was admissible to explain the circumstances of appellant's crime. *State v. Jackson*, 112 Ariz. 149, 539 P.2d 906 (1975). We note that appellant was not charged with conspiracy, the state did not proceed on that theory, and it made no attempt to attribute the contraband possessed by the other inmates to the appellant.

## IMPEACHMENT BY PRIOR CONVICTIONS

■ Appellant maintains that the court should not have allowed him to be impeached with his prior felony convictions. The trial court found that their probative value outweighed their prejudicial effect. Rule 609(a), Ariz.R.Evid., 17A A.R.S. (1987 Supp.). Admission of such evidence is left to the sound discretion of the trial court. *State v. Ennis*, 142 Ariz. 311, 689 P.2d 570 (App.1984). We find no abuse of that discretion here. See *State v. Williams*, 144 Ariz. 433, 698 P.2d 678 (1985).

■ Appellant additionally argues that the trial court should not have allowed the prosecutor to question him about the length of the sentences he received for his prior convictions. The general rule on impeachment has been stated as follows:

> Whenever evidence of felony conviction is elicited for impeachment purposes, the impeaching party is limited to showing the fact of conviction, the name of the crime, the place and the date. Neither party may go beyond these basic facts. The impeaching party may not show that the crime was aggravated, nor may the opponent show any mitigating factors.

M. Udall and J. Livermore, Law of Evidence § 47 at 92 (2d ed. 1982). We agree with appellant that the prosecutor should not have inquired about the length of his sentences. We find, however, that the error was harmless beyond a reasonable doubt. The jury knew that appellant was in prison; that is an element of the offense charged. Appellant testified that he was convicted in 1977, nearly ten years before this trial was held. Under the circumstances, the testimony regarding the length of his sentences does not require reversal.

## EXCESSIVE SENTENCE

■ Appellant asserts that the five-year presumptive sentence, to be served consecutively to the other terms he is now serving, constitutes excessive, cruel and unusual punishment, particularly because his conduct also resulted in a loss of over 360 days of administrative good time credit. We find no merit to this contention. We will disturb a sentence which is within stat-

utory limits only if the trial court clearly abused its broad discretion in determining an appropriate sentence. *State v. Ferreira*, 128 Ariz. 530, 627 P.2d 681 (1981). We find no such abuse of discretion here. The court found as aggravating factors appellant's extensive prior felony conviction history and the fact that the offense was committed while he was in prison. The court noted that "when an offense is committed in prison and there is not any additional time spent, it would be an exercise of futility, in fact, no ... punishment at all," and "[a]lthough Mr. Bloomer has lost time because of the administrative problems, I feel the time should be consecutive." We do not find the consecutive presumptive term to be a violation of the Eighth Amendment.

## ADMISSION OF APPELLANT'S STATEMENTS

■ Appellant contends that his statements to corrections officers regarding the balloons and his willingness to excrete them were not voluntary and that they should have been excluded because they had not been previously disclosed by the state. In a 1984 pretrial motions hearing, the prosecutor told the court that the state did not know of any of appellant's remarks to the corrections officers that would be introduced. Therefore, no voluntariness hearing was held prior to trial, and the court ruled that voluntariness would be determined if any statements became an issue. On cross-examination during trial, counsel for appellant asked a corrections officer about one of appellant's statements. Thereafter, in the absence of the jury, the state established through the officer that appellant initiated the substantive conversation after he learned that another inmate had undergone extraction by medical personnel of a shotgun shell from his rectum. Appellant's trial testimony verified that he initiated the conversation with the corrections officer. Additionally, appellant testified that he had decided to voluntarily give up the balloons before he learned of the forcible extraction. We find no error in the court's ruling that appellant's statements were voluntary and admissible.

## FAILURE TO DISCLOSE INFORMANT'S IDENTITY

■ Appellant contends that the court erred in failing to order the state to disclose the identity of an informant. Appellant had the burden to make a factual showing either that the informant was a witness to the crime or that he had material facts about the issue of guilt. *State ex rel. Collins v. Riddel*, 133 Ariz. 376, 651 P.2d 1201 (1982); *State v. Altamirano*, 116 Ariz. 291, 569 P.2d 233 (1977). Appellant failed to make any showing that an undisclosed or unidentified person witnessed the criminal acts. During his testimony, appellant named the inmate who had given him the balloons. He also failed to show that an anonymous informant could give exculpatory evidence. Because appellant failed to make the required showing, we find that disclosure was properly denied.

## COURTROOM DEMONSTRATION

■ Appellant also claims that a courtroom demonstration by the state was reversible error. The state asked one of its witnesses to demonstrate to the jury how gunpowder deflagrates or burns at a rapid rate when it is not contained. The witness then put some of the gunpowder which appellant had possessed in an ashtray and lit it to show this effect. This caused a "little flash."

Appellant asks us to reverse, citing *State v. Poland*, 132 Ariz. 269, 645 P.2d 784 (1982), in which the court held that admission into evidence of weapons not connected with the crime charged can be prejudicial and can constitute reversible error. The gunpowder used here was part of that seized from the appellant. It was relevant to illustrate other testimony regarding the uses of gunpowder and the nature of the substance contained in the balloons. The trial judge has considerable discretion in determining whether evidence is relevant and admissible. *State v. Starks*, 122 Ariz. 531, 596 P.2d 366 (1979). We find no abuse of that discretion, and we find that the

demonstration, if erroneously permitted, was harmless.

Affirmed.

LIVERMORE, P.J., and ROLL, J., concur.