977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nelson Edward RECORD, Petitioner-Appellant,
v.
Bob GOLDSMITH, et al., Respondents-Appellees.
 No. 91-16551.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nelson Record, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Record raised the following grounds for federal habeas corpus relief:
 
 
 4
 1) he was denied his constitutional rights because the trial court sentenced him in violation of the double jeopardy clause;
 
 
 5
 2) the trial court denied him a fair trial by admitting evidence of Record's prior felonies;
 
 
 6
 3) the trial court denied him a fair trial by admitting into evidence photographs of Record; and
 
 
 7
 4) the prosecutor improperly introduced into evidence the photographs of Record.
 
 
 8
 Despite questions about the issue of procedural default, we will address the merits of Record's claims.
 
 Sentencing
 
 9
 Record contends that the trial court violated his constitutional rights by sentencing him to consecutive sentences for his crimes. This contention lacks merit.
 
 
 10
 Separate punishment for multiple offenses arising from the same transaction is proper where each offense requires "proof of a fact which the other does not." Iannelli v. United States, 420 U.S. 770, 785 n. 17 (1975) (quotation omitted). If each offense requires proof of a fact that the other does not, separate punishment is proper "notwithstanding a substantial overlap in the proof offered to establish the crimes." Id.
 
 
 11
 Here, Record was convicted of two counts of kidnapping and fourteen counts of sexual assault on two women. He received consecutive sentences totalling 126 years. Each offense required proof of facts that the other did not. Accordingly, Record was not denied due process when the state trial court sentenced him to separate sentences for each offense for which he was convicted. See id.
 
 Claims Two and Three
 
 12
 Record's second claim lacks merit because (1) Record testified at trial; and (2) under Arizona law, evidence of a defendant's prior felonies is admissible at trial when the defendant testifies. See State v. Bloomer, 751 P.2d 592, 596 (Ariz.Ct.App.1987). Record's third claim also lacks merit because it was Record who first submitted the photographs into evidence.
 
 Prosecutorial Misconduct
 
 13
 To evaluate claims of prosecutorial misconduct which do not state constitutional claims, we must inquire whether the alleged misconduct " 'so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process.' " Greer v. Miller, 483 U.S. 756, 765 (1987) (quotation omitted).
 
 
 14
 Here, Record's claim of prosecutorial misconduct lacks merit because it was Record himself who introduced the photographs into evidence. Accordingly, the prosecutor's use of those photographs was not prosecutorial misconduct. See id.[1]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time on appeal, Record contends that: (1) the trial court and district court erred by determining that Record procedurally defaulted on his claims; and (2) the trial court misapplied Arizona procedural default rules. We decline to address these claims. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)