258 P.3d 270 (2011)
STATE of Arizona, Appellee,
v.
Nephi Joseph KEMPER, Appellant.
No. 1 CA-CR 09-0893.
Court of Appeals of Arizona, Division 1, Department C.
July 12, 2011.
Thomas C. Horne, Arizona Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, Robert A. Walsh, Assistant Attorney General, Phoenix, Attorneys for Appellee.
James J. Haas, Maricopa County Public Defender By Louise Stark, Deputy Public Defender, Phoenix, Attorney for Appellant.

OPINION
DOWNIE, Judge.
¶ 1 Nephi Joseph Kemper appeals his conviction for sexual assault, a class 2 felony in violation of Arizona Revised Statutes ("A.R.S.") section 13-1406. We conclude the jury was improperly instructed about an element of the offense, even though the jury instruction tracked the Recommended Arizona Jury Instruction ("RAJI") regarding sexual assault. The erroneous instruction, coupled with the prejudice we discuss in a simultaneously filed memorandum decision, requires that we vacate Kemper's conviction and remand for a new trial.[1]

DISCUSSION
¶ 2 A jury found Kemper guilty of sexual assault in violation of A.R.S. § 13-1406(A). That statute provides:
A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person.
¶ 3 Kemper assigns error to the final jury instruction regarding sexual assault, which reads:
The crime of sexual assault requires proof that the defendant:
1. Intentionally or knowingly engaged in sexual intercourse or oral sexual contact with another person; and

*271 2. Engaged in the act without the consent of the other person.
The trial court defined "knowingly" and "intentionally" for the jury. It did not, however, instruct jurors regarding the mens rea applicable to the "without consent" element of the charged offense.
¶ 4 Although the final instruction tracked RAJI 14.06.01, the State concedes that it "erroneously omitted reference to the mens rea element governing the `without consent' element." Because Kemper did not object to the instruction below, he has the burden of demonstrating both fundamental error and ensuing prejudice. State v. Henderson, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." Id.
¶ 5 The final instruction correctly advised jurors that Kemper must have intentionally or knowingly engaged in sexual intercourse or oral sexual contact with the victim. It did not, however, properly instruct on the mens rea applicable to the consent element of the crime. Cf. State v. Witwer, 175 Ariz. 305, 308, 856 P.2d 1183, 1186 (App.1993) ("[I]n a prosecution for sexual abuse, the state must prove that the defendant intentionally and knowingly engaged in sexual contact, and that the defendant knew that such contact was without the consent of the victim."). The instruction thus improperly relieved the State of its burden of proving an element of the offense, in violation of Kemper's constitutional right to have a jury determine his guilt as to every element of the crime. See United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (holding that the Fifth and Sixth Amendments "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt").
¶ 6 The challenged instruction constituted fundamental error. See Henderson, 210 Ariz. at 568, ¶ 25, 115 P.3d at 608 ("[I]t is difficult to conceive that use of a procedure that denied rights guaranteed both by the Fifth and by the Sixth Amendments ... could be other than fundamental error."). In our separate memorandum decision, see n. 1, supra, we conclude that because Kemper has established the requisite prejudice, his conviction and sentence must be vacated.

CONCLUSION
¶ 7 Based on the improper jury instruction, and for the reasons stated in our accompanying memorandum decision, we vacate Kemper's conviction and remand for a new trial.
CONCURRING: DANIEL A. BARKER, Presiding Judge and MICHAEL J. BROWN, Judge.
NOTES
[1] In the companion memorandum decision, we outline the facts underlying the sexual assault charge. Those facts are not relevant to the narrow legal issue addressed in this opinion.