IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DARREL SCOTT FRANCIS, *Appellant.*

No. 1 CA-CR 16-0051
FILED 1-3-17

Appeal from the Superior Court in Navajo County
No.  S0900CR201500087
S0900CR201500700
The Honorable Dale P. Nielson, Judge

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

Criss Candelaria Law Office, PC, Concho
By Criss E. Candelaria
*Counsel for Appellant*

---

**OPINION**

---

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Thomas C. Kleinschmidt joined.[1]  Judge Jon W. Thompson dissented.

---

J O H N S E N, Judge:

¶1        Darrel Scott Francis was convicted of two counts of promoting prison contraband by possessing a cell phone.  On appeal, he argues the superior court erred by failing to instruct the jury that the State was required to prove he knew the cell phone was contraband.  Because the crime requires proof a defendant knew what he or she possesses or obtains is contraband, we reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Francis was detained at the Show Low Jail Annex on charges unrelated to this appeal.  Officers took Francis's clothing, boots and cell phone, and stored them in a property bag.  While in custody, Francis asked to call his attorney.  After the officer on duty could not find the lawyer's phone number, Francis volunteered that the lawyer's number was stored on his cell phone.  The officer then retrieved Francis's cell phone from his property bag, activated it and located the phone number.  Later that day, Francis was transported to Navajo County Jail in Holbrook.  There, another officer noticed Francis was holding the cell phone and confiscated it.

¶3        Francis was charged with two counts of promoting prison contraband – one count for allegedly possessing the cell phone inside the Navajo County Jail, and the other for possessing the cell phone while inside the annex or while being transported from the annex to the jail.  Before trial, the State asked the Court to rule it did not have to prove that Francis knew his cell phone was contraband.  In the alternative, the State asked for leave to introduce "other acts" evidence to prove Francis knew the phone was contraband.  The court ruled the State did not have to prove Francis knew the phone was contraband, and therefore precluded the other-acts evidence

---

[1]        The Honorable Thomas C. Kleinschmidt, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

as irrelevant. The court also ruled Francis could not argue to the jury that the State needed to prove he knew the cell phone was contraband.

¶4         At trial, the State presented evidence that inmates are not allowed to possess cell phones, that personal property (including cell phones) is kept in a secure office out of the reach of inmates, and that officers do not permit inmates to handle cell phones for any reason. The court instructed the jury:

> The crime of promoting prison contraband requires proof that the defendant knowingly:
>
> Took contraband into a correctional facility or the grounds of a correctional facility; or
>
> Obtained, or possessed contraband while being confined in a correctional facility; or
>
> Obtained, or possessed contraband while being lawfully transported or moved incident to correctional facility confinement.

¶5         The jury found Francis guilty of both charges and also found he committed the offenses while on release from another felony charge. The court sentenced him to two concurrent five-year prison terms.

¶6         We have jurisdiction over Francis's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A) (2016), 13-4031 (2016) and -4033 (2016).[2]

## DISCUSSION

¶7         Francis was charged with promoting prison contraband by "knowingly . . . obtaining or possessing contraband while being confined in a correctional facility or while being lawfully transported or moved incident to correctional facility confinement." A.R.S. § 13-2505(A)(3) (2016). As defined by statute, contraband means:

> [A]ny dangerous drug, narcotic drug, marijuana, intoxicating liquor of any kind, deadly weapon, dangerous instrument,

---

[2]         Absent material revision after the date of an alleged offense, we cite a statute's current version.

explosive, wireless communication device, multimedia storage device or other article whose use or possession would endanger the safety, security or preservation of order in a correctional facility or a juvenile secure care facility as defined in § 41-2801, or of any person within a correctional or juvenile secure care facility.

A.R.S. § 13-2501(1) (2016). At trial, there was no dispute that Francis knew he possessed the cell phone; the issue on appeal is whether § 13-2505(A)(3) required proof he knew the cell phone was "contraband," within the meaning of § 13-2501(1).

**¶8**         We review *de novo* the superior court's ruling on a matter of statutory interpretation. *See State v. Falcone*, 228 Ariz. 168, 170, ¶ 9 (App. 2011). "In construing a statute, our primary goal is to discern and give effect to the legislature's intent." *State v. Fell*, 203 Ariz. 186, 188, ¶ 6 (App. 2002). We look to the plain language of the statute and "give words their plain and ordinary meaning, unless the legislature has clearly expressed an intent to give a term special meaning." *State v. Cotton*, 197 Ariz. 584, 586, ¶ 6 (App. 2000). If the plain meaning is unclear, we consider other factors such as "the statute's context, history, subject matter, effects and consequences, spirit, and purpose." *Fell*, 203 Ariz. at 188, ¶ 6. Toward that end, we examine statutes that are *in pari materia*, meaning those of the same subject or general purpose. *See State v. Gamez*, 227 Ariz. 445, 449, ¶ 27 (App. 2011); *Fell*, 203 Ariz. at 188, ¶ 6.

**¶9**         Francis argues *State v. Bloomer*, 156 Ariz. 276 (App. 1987), establishes that the crime of possession of contraband requires proof the defendant knew what he possessed was contraband. The defendant in *Bloomer* argued he could not be convicted under § 13-2505(A) because he was charged with possession of gunpowder when the evidence showed he thought he possessed marijuana, not gunpowder. 156 Ariz. at 279. This court stated that "the state was required to prove . . . that appellant, while confined in a correctional facility, possessed a substance which was contraband, that he knowingly possessed the substance, and that he knew it was contraband." *Id.* It did not matter what variety of contraband the defendant possessed, because he admittedly knew both that he possessed marijuana and that marijuana is contraband within the meaning of the statute. *Id.*

**¶10**         The State argues the discussion of the issue in *Bloomer* is *dictum* and instead directs our attention to the definition of "knowingly" in the criminal code:

"Knowingly" means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission.

A.R.S. § 13-105(10)(b) (2016). Under this provision, the crime of knowing possession of contraband requires proof that the defendant was "aware or believe[d]" that he possessed contraband, but the statute does not answer whether the State need prove only that the defendant knew he possessed an item (that in fact was contraband), or whether it must prove he possessed something he knew was contraband.

¶11        The State argues that under the second sentence of § 13-105(10)(b), when a defendant is charged with "knowingly" committing an act, the State need not prove the defendant had "any knowledge of the unlawfulness of the act." *See also State v. Soltero*, 205 Ariz. 378, 381, ¶ 11 (App. 2003) (ignorance of the law is no excuse). The issue, however, is not whether Francis knew what he was doing was unlawful; it is whether the requisite culpable mental state of "knowingly" applies not only to "making, obtaining or possessing" an object while in custody; but also to the fact that the object falls within the statutory definition of "contraband." A.R.S. § 13-2505 (A)(3).

¶12        To resolve that question, we look instead to A.R.S. § 13-202 (2016), "Construction of statutes with respect to culpability." Section 13-202(A) addresses precisely the issue before us, which is whether a specified requisite mental state for the commission of a crime applies to each element of the crime:

If a statute defining an offense prescribes a culpable mental state that is sufficient for commission of the offense without distinguishing among the elements of such offense, the prescribed mental state shall apply to each such element unless a contrary legislative purpose plainly appears.

A.R.S. § 13-202(A). Under this rule, "[if] a statute requires a certain mental state but does not specify which elements require that mental state, it applies to every element in the absence of legislative intent to the contrary." *State v. Rivera*, 226 Ariz. 325, 328, ¶ 4 (App. 2011).

¶13        A host of cases teach how to apply § 13-202(A) in construing criminal statutes that, like § 13-2505(A)(3), prescribe a single culpable mental state without distinguishing among the elements. For example, in

*State v. Witwer*, 175 Ariz. 305 (App. 1993), the defendant was convicted under A.R.S. § 13-1404 (2016) of committing sexual abuse by "intentionally or knowingly engaging in sexual contact with any person who is fifteen or more years of age without consent of that person." On appeal, the defendant argued the superior court erred by failing to instruct the jury that the State needed to prove he knew the victim had not consented to the contact. Citing § 13-202(A), this court found no contrary legislative purpose and held the statute indeed required proof that the defendant knew that the sexual contact he committed was without the consent of the victim. *Witwer*, 175 Ariz. at 308.

¶14        Other cases likewise have followed the dictate of § 13-202(A) to determine that a single specified culpable mental state applies to each element of the crime at issue. *See State v. Kemper*, 229 Ariz. 105, 106-07, ¶ 5 (App. 2011) ("knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person" under A.R.S. § 13-1406(A) (2016) requires proof defendant knew victim did not consent); *State v. Rivera*, 226 Ariz. 325, 328-29, ¶ 4 (App. 2011) ("intentionally discharging a weapon from a motor vehicle at a person" under A.R.S. § 13-1209(A) (2016) requires proof defendant intentionally targeted a particular person); *State v. Norris*, 221 Ariz. 158, 161, ¶ 9 (App. 2009) ("knowing[]" possession or possession for sale of marijuana under A.R.S. § 13-3405(A) (2016) requires proof defendant knew what he or she possessed was marijuana); *State v. Cabanas-Salgado*, 208 Ariz. 195, 197, ¶ 17 (App. 2003) ("knowing[] . . . [t]ransport [of narcotic drug] for sale" under A.R.S. § 13-3408(A)(7) (2016) requires proof defendant knew he or she transported a narcotic drug for sale); *State v. Bridgeforth*, 156 Ariz. 58, 59 (App. 1986) (prosecution of "any person who pursuant to a scheme or artifice to defraud knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions" under A.R.S. § 13-2310(A) (2016) requires proof both that defendant was "aware or believe[d] that the scheme or artifice [was] fraudulent and that by means of false or fraudulent pretenses, representations, promises or material omissions, he receive[d] some benefit"); *State v. Rineer*, 131 Ariz. 147, 148-49 (App. 1981) (assault by "intentionally placing another person in reasonable apprehension of imminent physical injury" under A.R.S. § 13-1203(A)(2) (2016) requires proof of intent to "produce the essential result" of "apprehension of imminent physical injury").

¶15        Cases considering the culpable mental state specified in other criminal statutes have ruled consistently with the rule set out in § 13-202(A). *See State v. Arce,* 107 Ariz. 156, 160 (1971) (unlawful possession of narcotics requires proof defendant knew "that the substance [in his possession] was

a narcotic"); *State v. Diaz*, 166 Ariz. 442, 445 (App. 1990) ("knowing[] transport[] or transfer[] [of] a narcotic drug" under A.R.S. § 13-3408(A)(7) requires proof defendant "knew that what he was transporting was a narcotic drug"); *State v. Frustino*, 142 Ariz. 288, 293-94 (App. 1984) (extortion by "knowingly participat[ing] in any way in the use of any extortionate means to collect or attempt to collect any extensions of credit or to punish any person for the nonrepayment thereof" under A.R.S. § 13-2304(A) (2016) requires proof defendant knew his conduct was threatening to debtor).

**¶16**     Like the statutes in the cited cases, the statute under which Francis was convicted prescribes just one mental state – "knowingly" – "without distinguishing among the elements of [the] offense" ("knowingly . . . obtaining or possessing contraband while being confined in a correctional facility or while being lawfully transported or moved incident to correctional facility confinement"). *See* A.R.S. § 13-2505(A)(3). As directed by § 13-202(A), therefore, absent a plain "contrary legislative purpose," we must comply with the legislative mandate to construe § 13-2505(A)(3) to require proof not only that the defendant knowingly obtained or possessed a proscribed object, but also that the defendant knew the object was contraband, within the meaning of the statute.

**¶17**     The State argues that a contrary legislative purpose is apparent in the text of § 13-2505(A)(3). The focus of the crime, the State argues, is on the "knowing actions" of the defendant in "making, obtaining or possessing" the object, not on the defendant's knowledge of the proscribed nature of the object. But we see no such mandate in the statute that guides us to construe it differently than the cases cited above have construed other criminal statutes consistent with the requirements of § 13-202(A).

**¶18**     The State points to cases holding that a defendant charged with sexual assault of a minor can be convicted in the absence of proof the defendant knew the age of the victim. *See, e.g.*, *Falcone*, 228 Ariz. at 171-72, ¶ 14 (construing A.R.S. § 13-1405(A) (2016)). But courts have traced the evolution of the several related statutes and have discerned a plain "legislative purpose" that the State generally need not prove a defendant knew the victim's age. As we explained in *Falcone*, at the same time the legislature enacted § 13-1405, it also enacted A.R.S. § 13-1407 (2016), which establishes a defense to § 13-1405 when the victim is 15, 16 or 17 years old and the defendant "did not know, and could not reasonably have known," that the victim was younger than 18. *Falcone*, 228 Ariz. at 171, ¶ 12. Thus, statutes *in pari materia* with § 13-1405 evidenced a "contrary legislative intent" to applying the normal rule of § 13-202, under which the specified

culpable mental state would have to be proved with respect to each element of the crime. *Falcone*, 228 Ariz. at 171, ¶ 13.[3]

**¶19**      Examining § 13-2505(A), we see no similar indication that the legislature did not intend the normal rule of § 13-202(A) to apply to the contraband statute. Accordingly, and consistent with *Bloomer*, we must conclude that the crime of "knowingly . . . possessing contraband" under § 13-2505(A)(3) requires proof the defendant knew that what he or she possessed was contraband.

**¶20**      This construction of § 13-2505(A) is particularly appropriate, given that the meaning of the statutory term "contraband" is not self-apparent. In ordinary usage, the word means something that is illegally possessed or transported. *See Contraband*, Random House Webster's Unabridged Dictionary (2005).[4] Thus, one must know whether the law forbids possessing or transporting an object before one can know whether the object constitutes contraband.

---

[3]      The State also cites *Benevolent & Protective Order of Elks v. State Department of Liquor Licenses & Control*, 239 Ariz. 121, 126, ¶ 32 (App. 2016), which affirmed a fine imposed by the Arizona Department of Liquor Licenses and Control under A.R.S. § 4-244(26) (2016), under which it is unlawful "[f]or a licensee or employee to knowingly permit unlawful gambling on the premises." We held there that such a violation may be established without proof the licensee knew the gambling was unlawful. The State does not contend that § 13-202(A), which guides our construction of culpable mental states in criminal statutes, applies to the civil regulatory authority of the Department of Liquor Licenses and Control; in any event, as noted, the general principle is that one may be held in violation of a law without knowledge of the unlawfulness. *See Elks*, 239 Ariz. at 126, ¶ 31.

[4]      *Contraband*, Random House Webster's Unabridged Dictionary (2005).

    1. anything prohibited by law from being imported or exported.

    2. goods imported or exported illegally.

    3. illegal or prohibited trade; smuggling.

¶21　　　　Our dissenting colleague accepts the State's argument that the question we must resolve is controlled by the principle stated in A.R.S. § 13-105(10)(b) that the mental state of "knowingly" "does not require any knowledge of the unlawfulness of the act or omission." But that argument proves too much; it would effectively eliminate application of § 13-202(A) to any statute establishing an offense that may be committed "knowingly." The dissent also cites *People v. Romero*, 64 Cal. Rptr. 16 (App. 1997), but we do not agree that case bears on our analysis. The defendant in *Romero* was convicted of possession and transportation of a "controlled substance." The defendant argued on appeal that his convictions should be reversed because he mistakenly thought the cocaine he possessed was marijuana. In interpreting the applicable statute, the California court did not apply any statute of construction like A.R.S. § 13-202(A), which must guide our construction of the Arizona criminal code. Even so, however, the court's reasoning was consistent with our conclusion here: It held that although the statute did not require proof that the defendant knew the chemical composition of the drug he possessed, it did require proof he knew that whatever he possessed was a "controlled substance," and the jury was so instructed. 64 Cal. Rptr. at 20.

¶22　　　　Finally, the State argues that if the superior court erred by refusing to instruct the jury that the State was required to prove Francis knew his cell phone was contraband, the error was harmless. It contends the jury heard "overwhelming" evidence that Francis knew he was not allowed to possess his cell phone.

¶23　　　　We decline the State's invitation to weigh the evidence in such a manner. Officers took Francis's cell phone from him at intake, but they took *all* of his personal property at that time. According to the evidence, it is beyond doubt that some of the items officers routinely seize from inmates (officers confiscate any colored underwear) do not fall within the statutory definition of contraband. And although the State presented evidence that

officers keep inmates' personal property in a secure office, the State presented no evidence that inmates were informed that cell phones constitute contraband.[5]

## CONCLUSION

**¶24**     For the reasons stated, we conclude that the crime of promoting prison contraband under § 13-2505(A) requires proof the defendant knew the object at issue was contraband. Accordingly, we reverse Francis's convictions and the resulting sentences.[6]

**T H O M P S O N, Judge, dissenting:**

**¶25**     Francis knew he possessed a cell phone. By statute, a cell phone in jail is contraband. Whether he knew, or did not know, that a cell phone in jail is defined by statute as prohibited contraband is not relevant in determining whether he is guilty of possession of contraband, because proof of knowledge "does not require any knowledge of the unlawfulness of the act or omission." Ariz. Rev. Stat. (A.R.S.) § 13-105(10)(b) (2010).

**¶26**     Francis argues, citing inter alia *State v. Bloomer*, 156 Ariz. 276, 279, 751 P.2d 592, 595 (App. 1987), that the state was required to prove that he knew he possessed contraband, i.e., that he knew that his possession of a cell phone in jail was prohibited by law. In *Bloomer* the defendant, charged with possession of contraband and gunpowder, believed he possessed marijuana, also contraband. *Id.* This court affirmed his conviction in spite of his mistake, because, either way, he possessed contraband. *Id.* at 282, 751 P.2d at 598. Bloomer's knowledge that he possessed contraband was sufficient, though not necessary to his conviction. If he had been aware that

---

[5]     The State further argues that any error is harmless because Francis argued to the jury that he did not know his cell phone was contraband. In the absence of a proper jury instruction, however, we cannot conclude the jury understood it was the State's burden to prove Francis knew he possessed contraband. *See State v. Reyes*, 232 Ariz. 468, 471, ¶ 7 (App. 2013) (we presume the jury followed its instructions).

[6]     Because the convictions are reversed, we need not address Francis's argument that the superior court erred by allowing the State to call his former lawyer to testify about his prior conviction.

what he possessed was gunpowder but did not know gunpowder is prohibited by law as contraband he would still have been guilty. This is because *Bloomer* is an application of the law regarding mistake of fact, which may negate the requisite culpable mental state—but only "if, were the circumstances as the accused believed them to be, 'the accused would not be guilty of *the* offense.'" *United States v. Zachary*, 61 M.J. 813, 824 (A. Ct. Crim. App. 2005) (internal citation omitted). Thus Bloomer was guilty because if he had possessed marijuana, as he thought, he would have been guilty of possessing contraband.

¶27        A California case quite similar to *Bloomer* makes the pertinent point. In *People v. Romero*, 55 Cal. App. 4th 147, 64 Cal. Rptr.2d 16 (1997), the defendant was charged with warehousing marijuana and cocaine for a cartel. The defendant testified he thought he only took possession of marijuana, not cocaine. *Id.* at 150, 64 Cal. Rptr. at 19. Though he saw the packaged cocaine, he said he believed the packages contained marijuana. *Id.* Acknowledging that the People's proof had to include defendant's "knowledge of the object's narcotic character," the court of appeal noted "specific intent to violate the law is immaterial." *Id.* at 152, 64 Cal. Rptr. at 21 (citing *People v. Winston*, 46 Cal. 2d 151, 158, 293 P.2d 40, 47 (1956)). The requisite knowledge was proved by showing the defendant's "knowledge that the facts exist which bring the act . . . within the provisions of [the] code." *Id.* Romero's knowledge that he possessed marijuana, brought his "'act . . . within the provisions of [the] code,'" whether he did or did not know the latter fact. *Id.* (citation omitted). Contrary to the majority's assertion, that Romero knew he possessed illegal drugs was sufficient, though not necessary, to support the conviction. If he had known he possessed cocaine, but did not know cocaine is a narcotic drug, Romero would still have been guilty.

¶28        I agree with the majority that A.R.S. § 13-202(A) is applicable, and reject the state's assertion that legislative purpose is to the contrary. The state is required to show that Francis knew he possessed contraband. However, I conclude that the requisite mens rea may be demonstrated either by proof that the defendant knew, as in *Bloomer* and *Romero*, that what he possessed was proscribed, although he was mistaken as to the precise nature of what he possessed, or that he knew what he possessed, but may not have known it was illegal, as here.

**¶29** Francis's knowledge that he possessed a cell phone in jail, whether he did or did not know it constituted contraband as defined by statute, sufficed to establish the requisite mens rea. Accordingly, I would affirm.



AMY M. WOOD • Clerk of the Court
FILED:        JT