THOMPSON, Judge,
dissenting:
¶25 Francis knew he possessed a cell phone. By statute, a cell phone in jail is *455 contraband. Whether he knew, or did not know, that a cell phone in jail is defined by statute as prohibited contraband is not relevant in determining whether he is guilty of possession of contraband, because proof of knowledge “does not require any knowledge of the unlawfulness of the act or omission.” Ariz. Rev. Stat. (AR.S.) § 13-105(10)(b) (2010).
¶ 26 Francis argues, citing inter alia State v. Bloomer, 156 Ariz. 276, 279, 751 P.2d 592, 595 (App. 1987), that the state was required to prove that he knew he possessed contraband, i.e., that he knew that his possession of a cell phone in jail was prohibited by law. In Bloomer the defendant, charged with possession of contraband and gunpowder, believed he possessed marijuana, also contraband. Id. This court affirmed his conviction in spite of his mistake, because, either way, he possessed contraband. Id. at 282, 751 P.2d at 598. Bloomer’s knowledge that he possessed contraband was sufficient, though not necessary to his conviction. If he had been aware that what he possessed was gunpowder but did not know gunpowder is prohibited by law as contraband he would still have been guilty. This is because Bloomer is an application of the law regarding mistake of fact, which may negate the requisite culpable mental state— but only “if, were the circumstances as the accused believed them to be, ‘the accused would not be guilty of the offense.’ ” United States v. Zachary, 61 M.J. 813, 824 (A. Ct. Crim. App. 2005) (internal citation omitted). Thus Bloomer was guilty because if he had possessed marijuana, as he thought, he would have been guilty of possessing contraband.
¶27 A California case quite similar to Bloomer makes the pertinent point. In People v. Romero, 55 Cal.App.4th 147, 64 Cal. Rptr.2d 16 (1997), the defendant was charged with warehousing marijuana and cocaine for a cartel. The defendant testified he thought he only took possession of marijuana, not cocaine. Id. at 150, 64 Cal.Rptr.2d at 19. Though he saw the packaged cocaine, he said he believed the packages contained marijuana. Id. Acknowledging that the People’s proof had to include defendant’s “knowledge of the object’s narcotic character,” the court of appeal noted “specific intent to violate the law is immaterial.” Id. at 152, 64 Cal.Rptr.2d at 21 (citing People v. Winston, 46 Cal.2d 151, 158, 293 P.2d 40, 47 (1956)). The requisite knowledge was proved by showing the defendant’s “knowledge that the facts exist which bring the act ... within the provisions of [the] code.” Id. Romero’s knowledge that he possessed marijuana, brought his ‘“act ... within the provisions of [the] code,’ ” whether he did or did not know the latter fact. Id. (citation omitted). Contrary to the majority’s assertion, that Romero knew he possessed illegal drugs was sufficient, though not necessary, to support the conviction. If he had known he possessed cocaine, but did not know cocaine is a narcotic drug, Romero would still have been guilty.
¶ 28 I agree with the majority that A.R.S. § 13-202(A) is applicable, and reject the state’s assertion that legislative purpose is to the contrary. The state is required to show that Francis knew he possessed contraband. However, I conclude that the requisite mens rea may be demonstrated either by proof that the defendant knew, as in Bloomer and Romero, that what he possessed was proscribed, although he was mistaken as to the precise nature of what he possessed, or that he knew what he possessed, but may not have known it was illegal, as here.
¶ 29 Francis’s knowledge that he possessed a cell phone in jail, whether he did or did not know it constituted contraband as defined by statute, sufficed to establish the requisite mens rea. Accordingly, I would affirm.