IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**STATE OF ARIZONA**,
*Appellee*,

*v.*

**DARREL SCOTT FRANCIS**,
*Appellant.*

No. CR-17-0062-PR
Filed February 5, 2018

Appeal from the Superior Court in Navajo County
The Honorable Dale P. Nielson, Judge
Nos. CR-2015-00087; CR-2015-000700

Opinion of the Court of Appeals, Division One
241 Ariz. 449 (App. 2017)
**VACATED AND REMANDED**

COUNSEL:

Mark Brnovich, Arizona Attorney General, Dominic Draye, Solicitor General, Joseph T. Maziarz, Chief Counsel, Michael Valenzuela (argued), Assistant Attorney General Criminal Appeals Section, Phoenix, Attorneys for State of Arizona

Criss E. Candelaria (argued), Criss Candelaria Law Office P.C., Concho, Attorneys for Darrel Scott Francis

Randy McDonald (argued), Osborn Maledon, P.A., Phoenix; Keith J. Hilzendeger, Assistant Federal Public Defender, Phoenix; and Carol Lamoureux, Law Offices of Hernandez & Hamilton, PC, Tucson, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

_____

JUSTICE BOLICK authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, JUSTICES BRUTINEL, TIMMER, and GOULD, and JUDGE MORAN joined.[*]

_____

JUSTICE BOLICK, opinion of the Court:

¶1      We consider in this case whether the state must prove that a defendant knew an item he possessed was "contraband" to convict the defendant under A.R.S. § 13-2505(A) of knowingly possessing contraband while being confined in a correctional facility or transported to it. We hold that when such a defendant possesses an item that is statutorily defined as contraband, the state need prove only that the defendant knowingly possessed the item, not that the defendant knew it was contraband.

## BACKGROUND

¶2      In October 2014, officers booked Darrel Scott Francis into the Navajo County Jail Annex on charges unrelated to this case. Upon booking, officers took and bagged Francis' personal property, including clothing and a cellphone. The next day, Francis asked to call his attorney. When the officer could not find the attorney's number, Francis told her he had it in his cellphone, which the officer retrieved to obtain the number. Later, Francis was transferred to the main jail, where an officer confiscated a cellphone held by Francis.

¶3      The State charged Francis under A.R.S. § 13-2505(A)(1) and (A)(3) with two counts of promoting prison contraband, one for obtaining

_____

[*]Justice John R. Lopez IV has recused himself from this case. Pursuant to article 6, section 3 of the Arizona Constitution, the Honorable Mark R. Moran, Presiding Judge of the Coconino County Superior Court, was designated to sit in this matter.

or possessing the cellphone in the jail annex or during transport and the other for taking it inside the jail grounds. Before trial, the superior court ruled that the State need not prove that Francis knew the cellphone was contraband. The jury found Francis guilty, and the court sentenced him to two concurrent five-year prison terms.

¶4 The court of appeals reversed Francis' convictions and sentences, applying A.R.S. § 13-202(A) to conclude that the State had to prove that Francis knew that the cellphone was contraband. *State v. Francis*, 241 Ariz. 449, 452–54 ¶¶ 12–21 (App. 2017). In light of its ruling, the court of appeals declined to address Francis' argument that the trial court also erred by allowing the State to call his former lawyer to testify about Francis' prior convictions. *Id.* at 454 ¶ 24 n.6.

¶5 We granted review to clarify what the state must prove to convict a defendant under A.R.S. § 13-2505(A), a recurring issue of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

¶6 We review issues of statutory interpretation de novo. *Fitzgerald v. Myers*, 243 Ariz. 84, 88 ¶ 8 (2017). When the statutory language is clear and has only one reasonable construction, we apply it according to its plain meaning. *State v. Burbey*, 243 Ariz. 145, 147 ¶ 7 (2017). As this case involves the intersection of multiple statutes, we construe them together, *id.* at 148 ¶ 13, seeking to give meaning to all provisions. *Collins v. Stockwell*, 137 Ariz. 416, 419 (1983).

¶7 Francis was convicted of promoting prison contraband by "knowingly taking contraband into a correctional facility or the grounds of a correctional facility" and "knowingly . . . obtaining or possessing contraband while being confined in a correctional facility or while being lawfully transported or moved incident to correctional facility confinement." A.R.S. § 13-2505(A)(1), (A)(3). Section 13-2501(1) defines "contraband" as "any dangerous drug, narcotic drug, marijuana, intoxicating liquor of any kind, deadly weapon, dangerous instrument, explosive, wireless communication device, multimedia storage device or other article whose use or possession would endanger the safety, security or preservation of order in a correctional facility." It is uncontested that Francis knew he possessed a cellphone at the relevant times and that a cellphone is a "wireless communication device" defined as contraband

under § 13-2501(1).

¶8          Francis argues, and the court of appeals majority agreed, that the State had to prove that he knew that the cellphone was contraband. The court of appeals relied on A.R.S. § 13-202(A), which provides that "[i]f a statute defining an offense prescribes a culpable mental state that is sufficient for commission of the offense without distinguishing among the elements of such offense, the prescribed mental state shall apply to each such element unless a contrary legislative purpose plainly appears." *Francis*, 241 Ariz. at 452 ¶ 12. Because § 13-2505(A) requires a defendant to "knowingly" obtain or possess contraband, the court construed it "to require proof not only that the defendant knowingly obtained or possessed a proscribed object, but also that the defendant knew the object was contraband, within the meaning of the statute." *Id.* at 453 ¶ 16.

¶9          The statutory scheme as a whole, however, does not require proof that Francis knew the cellphone was statutorily defined as "contraband." Section 13-105(10)(b) defines "knowingly" in this context to mean "that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission." Section 13-204(B) further establishes that "[i]gnorance or mistake as to a matter of law does not relieve a person of criminal responsibility."

¶10         Reading the statutes together refutes Francis' argument and the court of appeals' conclusion that it was necessary for the State, in addition to proving that Francis knew he had a cellphone, to also prove he knew it was contraband. Had § 13-2505(A) proscribed possession of wireless communication devices instead of listing it among other items under the category "contraband," there would be no question that the State would only have to prove that Francis knew he possessed a cellphone because "knowingly" would relate directly to the wireless communications device. The outcome is not different merely because the legislature defined contraband in a separate section. Because "contraband" is a statutorily defined term, § 13-2505(A) effectively prohibits the "knowing" possession of the items listed in § 13-2501(1). It does not by its terms require a defendant to know that such items cannot be lawfully possessed while in a correctional facility or while being transported to one, which comports with the other statutes generally declaring that knowledge of unlawfulness is not an element of crimes and that ignorance of the law is not a defense. Francis' unawareness that his cellphone was contraband was "ignorance or mistake as to a matter of law," which is not a defense and thus knowledge of his

cellphone's legal status is not an element of the crime unless the legislature clearly so states. *See* § 13-204(B).

**¶11** This construction gives effect to all five statutes at issue. It requires proof that Francis knowingly committed every element of the crime (§ 13-202(A)), including that he knowingly obtained or possessed (and took into a correctional facility) contraband (§ 13-2505(A)(1), (A)(3)), the definition of which includes cellphones (§ 13-2501(1)), but knowledge of its unlawfulness is not an element of the crime (§ 13-105(10)(b)), and about which Francis' ignorance or mistake is not a defense (§ 13-204(B)).

**¶12** Our decision is in line with United States Supreme Court jurisprudence. That Court has repeatedly held that knowledge of an act, even without understanding its legal significance, can establish the culpable mental state necessary for conviction of a crime that must be "knowingly" committed. *See McFadden v. United States*, 135 S. Ct. 2298 (2015); *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513 (1994). In *McFadden*, the statute at issue made it unlawful to knowingly manufacture, distribute, or possess with intent to distribute the "analogues" to the substances listed on the federal controlled substances schedules. 135 S. Ct. at 2302. The Court held that the requisite culpable mental state could be established in two ways. The government could show that the defendant knew that the substance was controlled or an analogue, even if he did not know its identity. *Id.* Or, more relevant here, he could be convicted if he "knew the specific features of the substance that make it a 'controlled substance analogue.'" *Id.* (quoting 21 U.S.C § 802(32)(A)). As the Court explained, "[a] defendant who possesses a substance with knowledge of those features knows all of the facts that make his conduct illegal," and need not know of the statute making it a controlled substance. *Id.* at 2305. *See also Posters 'N' Things*, 511 U.S. at 524 ("[A]lthough the government must establish that the defendant knew that the items at issue are likely to be used with illegal drugs, it need not prove specific knowledge that the items are 'drug paraphernalia' within the meaning of the statute."); *Hamling v. United States*, 418 U.S. 87, 123 (1974) ("[T]o require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law.").

**¶13** *State v. Bloomer*, 156 Ariz. 276 (App. 1987), on which Francis and the court of appeals rely, does not persuade us to reach a different result. *Bloomer* involved a slightly different context. There the defendant believed that the substance concealed in his body was marijuana, but it was

actually gunpowder. *Id.* at 278. Section 13-204(A)(1) provides a defense for mistake of fact if "it negates the culpable mental state required for commission of the offense." Because both marijuana and gunpowder were statutorily defined as contraband, and the defendant knew that marijuana was contraband, the court concluded that the defendant knowingly possessed contraband. *Bloomer*, 156 Ariz. at 278–79. *Bloomer* reached the right result, but the opinion was incorrect to the extent it held that a defendant may be convicted only if he knows a particular item is contraband.

¶14        We hold that a defendant is guilty of possessing contraband if he knowingly possesses one of the items specifically proscribed by § 13-2505(A), and the trial court correctly ruled that the State did not have to prove that Francis knew the cellphone was contraband.

## CONCLUSION

¶15        For the foregoing reasons, we vacate the court of appeals' opinion and remand the case to that court to consider the second issue not previously decided.