NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DARRELL SCOTT FRANCIS, *Appellant*.

No. 1 CA-CR 16-0051
FILED 3-13-2018

Appeal from the Superior Court in Navajo County
No. S0900CR201500087
S0900CR201500700
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

Criss Candelaria Law Office, PC, Concho
By Criss E. Candelaria
*Counsel for Appellant*

<hr>

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Chief Judge Samuel A. Thumma joined.

<hr>

**J O H N S E N**, Judge:

¶1      Darrell Scott Francis was convicted of two counts of promoting prison contraband. The superior court imposed enhanced sentences after the jury found he committed the offenses while on release. On appeal, a majority of this court reversed the convictions, holding the superior court erred when it refused to permit Francis to argue that the State was required to prove that he knew the cell phone he possessed was contraband. *State v. Francis*, 241 Ariz. 449 (App. 2017). The supreme court vacated our decision, holding the superior court did not err by forbidding Francis from arguing he did not know the cell phone was contraband. The court remanded the matter to this court so that we could consider Francis's further argument that the superior court abused its discretion by refusing to preclude a witness who was not timely disclosed. *State v. Francis*, ___ Ariz. ___, 2018 WL 700091 (Ariz. Feb. 5, 2018). Having now considered the disclosure issue, we affirm Francis's convictions and resulting sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2      The only facts relevant to this decision are those pertaining to the jury's finding that Francis committed the contraband offenses while on release in another felony matter. The State had disclosed, and the court admitted in evidence, a packet of documents pertaining to other criminal matters involving Francis that were pending at the time he committed the contraband offenses. In addition, over Francis's timeliness objection, the State called a witness it conceded it had not disclosed before trial – a lawyer who represented Francis in the other matters. The court allowed Francis to interview the lawyer before she testified and also offered to continue the proceeding, but Francis declined the continuance. The lawyer testified that Francis was out of custody, either released on bond or on his own recognizance, when he appeared by telephone at a court conference in the other matters on September 15, 2014, roughly two weeks before he committed the contraband offenses on October 2, 2014.

¶3      The jury found Francis had been on release on bond or his own recognizance for felony offenses when he was taken into custody,

jailed and thereafter committed the offenses of promoting prison contraband. The superior court sentenced Francis to two concurrent terms of five years' imprisonment; each sentence included a two-year enhancement under Arizona Revised Statutes ("A.R.S.") section 13-708(D) (2018) because of the jury's finding that he committed the offenses while on felony release.[1] We have jurisdiction of Francis's appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2103(A) (2018).

## DISCUSSION

**¶4**        Francis's sole remaining argument on appeal is that the superior court erred by allowing the State to call the lawyer to testify because it had not disclosed her as a witness before trial. The State admits that it did not disclose the witness, but contends its nondisclosure was inadvertent and that Francis suffered no prejudice from the court's ruling. We review a superior court's ruling on a disclosure issue for an abuse of discretion. *State v. Roque*, 213 Ariz. 193, 205, ¶ 21 (2006), *overruled on other grounds by State v. Escalante-Orozco*, 241 Ariz. 254, 267, ¶¶ 13-14 (2017). An abuse of discretion occurs only when "no reasonable judge would have reached the same result under the circumstances." *State v. Naranjo*, 234 Ariz. 233, 242, ¶ 29 (2014) (quoting *State v. Armstrong*, 208 Ariz. 345, 354, ¶ 40 (2004)).

**¶5**        Under Arizona Rule of Criminal Procedure 15.7, a defendant may move for sanctions if the State fails to make a required disclosure. Rule 15.7(a). The court need not impose sanctions if the nondisclosure was harmless. Rule 15.7(b)(1). When deciding whether to preclude a witness, the superior court must examine "the significance of the information," "the violation's impact on the overall administration of the case, the sanction's impact on the party and the victim, and the stage of proceedings" in which disclosure was made. Rule 15.7(c).

**¶6**        The superior court did not abuse its discretion in allowing the lawyer to testify because her testimony was cumulative to other evidence before the jury; the disclosure violation therefore was harmless. Exhibit 6, which Francis does not challenge on appeal, contained certified copies of an information in CR2013-00068 and an information in CR2013-00071, both issued on April 8, 2013, which together charged Francis with six felonies, and another information issued in CR2013-00116 on May 29, 2013, charging him with two additional felonies. In addition, Exhibit 6 included a certified

---

[1]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

copy of an information charging Francis with three counts of "Failure to Appear" on June 12, 2014 for court proceedings each of the three pending matters. Exhibit 6 also included a copy of the booking report showing Francis was booked into the Apache County Jail on October 3, 2014, having been transferred from the Navajo County Jail. According to the booking report, Francis had been arrested on a charge of "failure to appear" at a hearing on the then-pending felony charges. Finally, Exhibit 6 included a certified copy of a minute entry order dated October 20, 2014, reflecting that Francis pled guilty to two felony charges in the other pending matters. The minute entry reflected the court's order "exonerating any bond(s)."

¶7 Even apart from the lawyer's testimony, the documents in Exhibit 6 were a sufficient basis on which the jury could find that Francis committed the contraband offenses while on release on the other criminal offenses. The jury knew from the charging documents that Francis was charged in three other separate criminal matters, and also knew that he was charged with "failing to appear" in those three matters. Further, it knew from the booking report that he was in jail on the occasion of the contraband offenses because he had been arrested for "failure to appear" in the other three criminal matters. From these documents alone, along with the October 20 order "exonerating any bond(s)" in the other matters, the jury could have concluded that Francis was on release on bond or on his own recognizance on the other felony matters when he committed the jail contraband offenses in early October 2014.

## CONCLUSION

¶8 For the reasons stated, we affirm Francis's convictions and the resulting sentences.

