NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

YOLANDA TORRES, *Appellant*.

No. 1 CA-CR 20-0084
FILED 7-13-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-002632-001
The Honorable Jennifer Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1          A jury convicted Yolanda Torres of transportation of dangerous drugs (methamphetamine) for sale and transportation of narcotic drugs (cocaine) for sale. Torres originally filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Under *Penson v. Ohio*, 488 U.S. 75 (1988), we ordered the parties to file supplemental briefs addressing the omission of the "for sale" element from the jury instruction involving count 2—transportation of cocaine for sale. Concluding no prejudice resulted from the omission, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Torres. *State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015).

¶3          Dispatch sent a highway patrol officer to respond to a call about a possible crash blocking an interstate ramp. When the officer arrived, she saw a car crashed against a concrete barrier and a Nissan Sentra about thirty yards farther back. The officer saw Torres standing next to the Sentra, which did not appear to have been involved in the crash.

¶4          Torres told the officer her Sentra was not working and asked the officer to call a tow truck. Torres did not appear evasive, did not attempt to hide anything in her purse or Sentra, and did not appear nervous.

¶5          Following department policy, the officer began an inventory search before towing. When the officer looked through the back passenger window, she saw a small baggie with a white substance in it, which she suspected to be illegal drugs. The officer continued to search and found similar baggies in a black grocery bag, in a crumpled paper towel in Torres's purse, in several mint tins, and elsewhere throughout the Sentra. Some baggies contained a powdery substance and some contained a crystalline substance. The baggies "were all tied and looked pretty similar." At some

point, other officers arrived to assist. In the other car, officers found the same types of drugs in similar packages but found no other people. After testing, the substances in the baggies were identified as methamphetamine and cocaine. The officer also found $159.57 in small denominations.

¶6        The State charged Torres with transportation of dangerous drugs for sale (count 1) and transportation of narcotic drugs for sale (count 2). *See* A.R.S. §§ 13-3407.A.7, -3408.A.7. Count 1 involved the methamphetamine and count 2 involved the cocaine.

¶7        At trial, a detective testified the large quantity of methamphetamine and cocaine indicated the drugs were meant for sale, not personal use. The drugs being divided up from their bulk quantities and repackaged into the smaller baggies also indicated being for sale. The methamphetamine had a street value of just under $3,000, and the cocaine had a street value of just under $20,000.

¶8        Torres also testified at trial. Torres said when she left her bartending job that night, she did not have illegal drugs in the Sentra. She claimed she came upon the crashed car on the interstate ramp and saw three men standing outside the car flagging her down. Torres parked, exited her vehicle, and asked the men if they needed help, to which the men responded no. Torres then returned to her Sentra. Because Torres had trouble starting her Sentra, she lifted her hood to check what was wrong. A third car then arrived and parked between the crashed car and Torres's Sentra, at which point the three men got in the third car and left.

¶9        Torres said she did not know where exactly the men were while she was looking under her Sentra's hood, but she did not see them get near her Sentra. Soon after, the officer arrived. Torres said she never told the officers about the three men or about them leaving in a third car. Torres said she did not know how the drugs got into her Sentra, saying either the officers merely claimed they found the drugs in her Sentra or someone else put them there without her knowing. She denied ever using drugs.

¶10        Her defense counsel did not argue the drugs were for Torres's personal use rather than for sale. Instead, her testimony and closing argument focused on whether she knew about the drugs in her Sentra at all. Indeed, Torres's counsel said to the jury in closing: "The definition of transporting narcotic drugs for sale, same issue. The defendant knowingly transported the narcotic drug. *The issue there is knowingly*." (Emphasis added.)

¶11 For count 1 (methamphetamine), the superior court described the offense in the jury instructions as "[t]he crime of transporting dangerous drugs for sale" and said the State needed to prove "[t]he defendant knowingly transported dangerous drugs for sale, and, the substance was in fact a dangerous drug." For count 2 (cocaine), however, the superior court described the offense as "[t]he crime of sale or transportation of narcotic drugs" and said the State needed to prove "[t]he defendant knowingly transported a narcotic drug, and the substance was in fact a narcotic drug." Notably, the superior court omitted the "for sale" element from the jury instruction for count 2 (cocaine), but Torres did not object. The jury convicted Torres on both counts.

¶12 Upon our review, we ordered *Penson* briefing to address whether omitting the "for sale" element for count 2 (cocaine) constituted "fundamental, prejudicial error or harmless error" and what effect, if any, should the "for sale" element's inclusion for count 1 (methamphetamine) have on the analysis of count 2's (cocaine) erroneous instruction.

¶13 This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031, and 13-4033.A.1.

**ANALYSIS**

¶14 In her *Penson* briefing, Torres argues the failure to include the "for sale" element constituted fundamental, prejudicial error and warrants reversing her conviction. She also argues the missing "for sale" element was not harmless if the harmless error standard applies.

¶15 Harmless-error analysis does not apply because Torres did not object. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005) ("Reviewing courts consider alleged trial error under the harmless error standard when a defendant objects at trial and thereby preserves an issue for appeal."). Instead, fundamental-error review applies here. *See State v. Payne*, 233 Ariz. 484, 516, ¶ 137 (2013) (applying fundamental-error analysis when defendant failed to object to deficient jury instruction for aggravating factor).

¶16 Under fundamental-error review, a defendant first must establish error exists. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). The defendant then must establish the error was fundamental by showing: "(1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to [the defendant's] defense, *or* (3) the error was so egregious that [the defendant] could not possibly have received a fair trial." *Id.* If the defendant establishes fundamental error under prongs one

4

or two, the defendant also must show prejudice. *Id.* If the defendant establishes prong three, no additional showing of prejudice is needed. *Id.*

¶17 The State concedes omitting the "for sale" element for count 2 was error. In Torres's reply brief, she further argues this omission "[went] to the foundation of [the] case" and falls under prong one. *See id.* at 141, ¶ 18 ("An error generally goes to the 'foundation of a case' if it relieves the prosecution of its burden to prove a crime's elements . . . ."). We agree. Omitting the for-sale language "improperly relieved the State of its burden" to prove an essential element and constituted fundamental error. *See State v. Juarez-Orci*, 236 Ariz. 520, 525, ¶ 17 (App. 2015) (quoting *State v. Kemper*, 229 Ariz. 105, 107, ¶ 5 (App. 2011)).

¶18 Though Torres established fundamental error under prong one, she failed to show prejudice. To prevail, Torres must show "a reasonable jury . . . could have reached a different result." *See Henderson*, 210 Ariz. at 569, ¶ 27. "The standard [for showing prejudice] is an objective one, and requires a showing that without the error, a reasonable jury could have plausibly and intelligently returned a different verdict." *Escalante*, 245 Ariz. at 144, ¶ 31. This court considers the parties' theories, the evidence received at trial, and the parties' arguments to the jury to conclude whether the defendant has "affirmatively prove[n] prejudice" beyond mere "speculation." *State v. Dickinson*, 233 Ariz. 527, 531, ¶ 13 (App. 2013) (citations omitted) (internal quotation marks omitted).

¶19 From opening statements, the State presented the case as one about drug trafficking and told the jury it would hear evidence of hundreds of baggies containing methamphetamine and cocaine in Torres's car. The jury heard testimony the baggies were all packaged the same regardless of which drug they contained. The jury heard the type of packaging into smaller quantities used here indicated the drugs were prepared for sale.

¶20 Torres's testimony and arguments vigorously touched on the mental state needed for the offense, not whether the drugs were for sale. Torres made no attempt to argue the methamphetamine was for sale but the cocaine was not. Indeed, she testified she does not use, and has never used, drugs at all. Rebutting one element while failing to rebut the omitted element cuts against finding prejudice. *See id.* at 531–33, ¶¶ 13–22 (finding no prejudice when, in part, the defendant's mistaken-identity defense did not go to erroneously used mental-state element).

¶21 The jury found all elements for count 1 (methamphetamine)— including the "for sale" element—and convicted Torres. As the State

correctly argues, "Torres cannot answer why the jury would believe that she transported $3,000 worth of methamphetamine for sale but not believe that she transported $20,000 worth of cocaine for sale." *See Escalante*, 245 Ariz. at 144, ¶ 31. Based on the parties' theories, evidence at trial, and the arguments the State and Torres made to the jury, no reasonable jury could have reached a different verdict had the "for sale" element been included for count 2 (cocaine).

## CONCLUSION

¶22        We affirm Torres's conviction.



AMY M. WOOD • Clerk of the Court
FILED:    AA