NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

OLIVER LAYNE STONEBURNER, *Appellant.*

No. 1 CA-CR 25-0174

FILED 06-01-2026

Appeal from the Superior Court in Yavapai County
No. S1300CR202400159
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Evan Ridley
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Anni Hill Foster and Judge D. Andrew Gaona joined.

---

**G A S S**, Judge:

¶1          Oliver Stoneburner appeals his conviction and sentence for sexual conduct with a minor under the age of 15. The court affirms.

### FACTUAL AND PROCEDURAL HISTORY

¶2          The court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Stoneburner. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3          The victim and Stoneburner met at an arcade in the summer of 2022. Victim was only 13 at that time.

¶4          More than a year later (in January 2024), the victim and Stoneburner started direct messaging on Instagram. On Instagram, Stoneburner acknowledged the victim's age when he messaged her: "Ur 14." He was concerned that he should be careful because of her young age and elaborated by saying: "If u was like 16 going on 17 id prolly be like fuck it." The victim and Stoneburner then moved their conversation to Snapchat, a multimedia instant messaging app where past messages are only available for 24 hours.

¶5          Four days later, the victim and Stoneburner met at a park before walking to Stoneburner's residence. There, Stoneburner and the victim had vaginal sex. The victim then left Stoneburner's residence and went home. The victim—accompanied by her older cousin—went to the police station 2 days later to file a complaint. The victim gave the police the underwear she wore the night she was at Stoneburner's residence. DNA testing of the underwear revealed the presence of semen and confirmed Stoneburner was 5.5 octillion[1] times more likely to have contributed the semen than a random, unrelated person. The next night, Stoneburner went to the police station after learning the victim filed a complaint. The police read Stoneburner his *Miranda* rights, and Stoneburner admitted having

---

[1] 1 octillion = 1,000,000,000,000,000,000,000,000,000

sexual intercourse with the victim. *See Miranda v. Arizona*, 384 U.S. 436 (1966). At the time, Stoneburner was 19 years old, and the victim was only 14 years old.

**¶6**    A grand jury indicted Stoneburner on 1 count of sexual conduct with a minor under the age of 15 years, a class 2 felony. At trial, the victim testified consistent with the above description of events. At the close of the State's case-in-chief, Stoneburner moved for judgment of acquittal under Rule 20. The superior court denied the motion, finding sufficient evidence to proceed to the jury. Stoneburner chose not to testify.

**¶7**    The jury convicted Stoneburner of 1 count of sexual conduct with a minor under the age of 15. The superior court sentenced him to 13 years in prison.

**¶8**    The court has jurisdiction over Stoneburner's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A, 13-4031, and -4033.A.1.

## DISCUSSION

**¶9**    Stoneburner argues insufficient evidence supports his convictions because there is "plenty of reasonable doubt" on "what transpired" between him and the victim. Not so.

**¶10**    The court reviews the sufficiency of the evidence *de novo*. *State v. West*, 226 Ariz. 559, 562 ¶ 15 (2011). When reviewing the sufficiency of the evidence, the court must only determine whether substantial evidence exists. *State v. Borquez*, 232 Ariz. 484, 487 ¶ 9 (App. 2013). Substantial evidence exists if reasonable persons could accept it as "adequate and sufficient to support a conclusion of [the] defendant's guilt beyond a reasonable doubt." *Id.* (quoting *State v. Mathers*, 165 Ariz. 64, 67 (1990)). If reasonable persons can "fairly differ as to whether certain evidence establishes a fact in issue, then such evidence must be considered as substantial." *State v. Davolt*, 207 Ariz. 191, 212 ¶ 87 (2004) (quoting *State v. Rodriguez*, 186 Ariz. 240, 245 (1996)). Sufficient evidence can be either direct or circumstantial evidence. *State v. Aguirre*, 255 Ariz. 89, 92 ¶ 8 (App. 2023). To set aside a jury verdict for insufficient evidence, there must be no premise under which sufficient evidence supports the jury's conclusion. *State v. Arredondo*, 155 Ariz. 314, 316 (1987). And the court will not reweigh the evidence. *State v. Lee*, 189 Ariz. 590, 603 (1997).

**¶11**    The court tests the sufficiency of the evidence against the statutory elements of an offense. *State v. Duncan*, 257 Ariz. 360, 368 ¶ 11

(App. 2024). The offense here, sexual conduct with a minor, requires "intentionally or knowingly engaging in sexual intercourse . . . with any person who is under eighteen years of age." A.R.S. § 13-1405.A. Sexual conduct with a minor under the age of fifteen is a class 2 felony. A.R.S. § 13-1405.B. A person acts "intentionally" if their "objective is to cause that result or to engage in that conduct." A.R.S. § 13-105.10(a). A person acts "knowingly" if they are "aware or believe[] that the person's conduct is of that nature." A.R.S. § 13-105.10(b). And sexual intercourse includes "penetration into the penis, vulva or anus by any part of the body." A.R.S. § 13-1401.A.4.

¶12　　　　Examining these elements, the victim's testimony—by itself— is enough to uphold Stoneburner's conviction. *See State v. Williams*, 111 Ariz. 175, 178 (1974) (ruling a victim's testimony can uphold a conviction, unless the story is physically impossible or so incredible that no reasonable person could believe it). The victim testified she was 14 when Stoneburner had vaginal sex with her. DNA testing confirmed Stoneburner's semen was present in the victim's underwear from that night. And Stoneburner told police he had sex with the victim after being given a *Miranda* advisory. Substantial evidence thus supports Stoneburner's conviction for engaging in sexual conduct with the victim.

¶13　　　　Stoneburner argues that he did not know the victim was 14. But Stoneburner's knowledge of the victim's age does not affect the sufficiency of the evidence. Though a victim's age is an element of sexual conduct with a minor, a defendant's knowledge of the victim's age is not. *State v. Gamez*, 227 Ariz. 445, 451 ¶ 38 (App. 2011); *State v. Falcone*, 228 Ariz. 168, 171–72 ¶ 14 (App. 2011). Even so, the court can infer Stoneburner's knowledge of the victim's age from his Instagram messages. *Cf. State v. Routhier*, 137 Ariz. 90, 99 (1983) ("Criminal intent, being a state of mind, is shown by circumstantial evidence."). Stoneburner said "Ur 14" and added "if u was like 16 going on 17 id prolly be like fuck it." The evidence shows Stoneburner knew the victim's age yet still chose to have sex with her despite that knowledge.

## CONCLUSION

¶14     The court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:              JR